No. 42,257

STATE OF KANSAS, *Appellee*, v. BUDDY JOE DELANO, *Appellant*.

(366 P. 2d 294)

Opinion filed November 10, 1961.

*William Cook*, of Kansas City, argued the cause, and *Roy Cook*, of Kansas City, was with him on the brief for the appellant.

*John W. MacGregor*, County Attorney, argued the cause, and *William M. Ferguson*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: Defendant appeals from a conviction of murder in the second degree.

Highly summarized, the record shows the following:

At about 9:30 on the night of April 6, 1959, as one Linden M.

Black was preparing to close his liquor store in Kiowa the defendant and two companions entered the store and ordered a bottle of whiskey—naming the brand. While Black was making change from his cash register defendant pulled a pistol from where he had it concealed on his person and shot Black in the back of the head—causing instant death. The three men fled from the store. About thirty minutes later Black's body was found on the floor. With the exception of some coins, and one $20 bill which was in the back of the cash register, the cash register was empty. According to the cash register tape showing the receipts for the day it should have contained approximately $100 in currency. Some nine or ten months later defendant was apprehended and returned to Barber county and charged with murder in the first degree—the information alleging that defendant shot and killed Black while engaged in an attempt to commit robbery (G. S. 1949, 21-401).

Competent local counsel was appointed for defendant and represented him throughout the trial. Among his defenses was that of alibi—his contention being that at the time of the killing he was either in a pool hall or restaurant in Kiowa.

The jury was instructed as to murder in the first degree, and also as to murder in the second degree under G. S. 1949, 21-402, which provides that every murder which shall be committed purposely and maliciously, but without deliberation and premeditation, shall be deemed murder in the second degree.

The jury returned a verdict of murder in the second degree.

Defendant filed a motion for a new trial on three grounds—(1) the court admitted illegal testimony; (2) newly discovered evidence, and (3) the verdict is contrary to the evidence.

The motion was overruled and defendant was sentenced to confinement for a period of thirty-five years (G. S. 1949, 21-403; G. S. 1949, 21-109).

Defendant—apparently *pro se*—filed a notice of appeal from the verdict, sentence, and the order denying the motion for a new trial, following which present counsel for defendant entered the case.

Five specifications of error are set out in the abstract, but upon oral argument of the appeal counsel stated to this court that he abandoned all except specification No. 2, which is that the court erred in instructing the jury as to murder in the second degree. He further stated that no error was being predicated on the *contents* of the instruction and conceded that it correctly states the law as

to murder in the second degree. The contention is that inasmuch as the information charged the killing was committed in the perpetration of a robbery, and as the state's evidence established such fact, whereas defendant's evidence was that he was not even at the liquor store at the time in question, defendant, if guilty at all, was guilty of murder in the first degree, and the giving of the instruction as to murder in the second degree erroneously provided the jury with an "out" insofar as defendant's conviction is concerned.

Ordinarily, of course, and particularly in homicide cases, questions pertaining to the giving of instructions have arisen where the court *refused* to instruct as to a lower degree. Here we have just the opposite situation.

The general rule is that a trial court must examine the evidence as a whole and then instruct upon such questions as the evidence naturally, reasonably and probably tends to prove, and it is under no duty to, and should not, instruct as to any degree of the offense which the evidence does not tend to prove. (*State v. Hardisty*, 121 Kan. 576, 580, 581, 249 Pac. 617; *The State v. Roselli*, 109 Kan. 33, 40, 198 Pac. 195.) Our statute, G. S. 1949, 62-1447, among other things, provides that a jury is to be instructed upon all matters of law which are necessary for their information in arriving at their verdict. In *State v. Fouts*, 169 Kan. 686, 692, 221 P. 2d 841, it was said that in prosecutions for homicide it is the imperative duty of the trial court to instruct the jury not only as to the offense charged— but as to all lesser offenses of which the accused might be found guilty under the information and upon the evidence adduced, and that such is the rule even though the court may deem the evidence supporting the lesser offense to be weak and inconclusive, and notwithstanding a request for such an instruction had not been made.

It is true that here the defendant was charged with the killing while in the perpetration of a robbery. It also is true there was evidence to the effect the cash register was "short" when the victim's body was found some thirty minutes later—thus lending weight to the suspicion that defendant and his companions made off with the money, which, in turn, as contended by defendant, established that his guilt, if any, was that of murder in the first degree, and that no occasion arose for the giving of the instruction as to murder in the second degree.

On the other hand, the record does not establish that the killing was committed while a robbery was in progress. There was no

evidence of any threats to Black, and neither does the record show, other than the circumstances above mentioned, that defendant or his companions committed a robbery before, during or after the killing. For all the record shows, the money could have been taken (if in fact any was taken) from the cash register by some other person who may have entered the store during the interval between the killing and the discovery of Black's body.

Giving the defendant the benefit of every doubt—as indeed the trial court did—the evidence was such that the jury was warranted in finding that the killing was done, not in the perpetration of a robbery, but that it was done purposely and maliciously, but without deliberation and premeditation (G. S. 1949, 21-402), in which event the court properly instructed as to murder in the second degree. Moreover, the record shows that no objection to the instruction was made—either to its contents or to the giving of it. On appeal it is conceded the instruction contained correct statements of law relating to murder in the second degree. The motion for a new trial did not mention instructions. The denial of the motion for a new trial as a specification of error has been abandoned.

Notwithstanding that in a technical sense it perhaps could be contended the question here presented is not open to appellate review, we nevertheless have considered the matter and our conclusion is the court did not err in instructing on murder in the second degree. The verdict is supported by the evidence and the judgment is affirmed.