Buddy Joe DELANO, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas
State Penitentiary, Lansing, Kansas,
Appellee.

No. 7532.

United States Court of Appeals
Tenth Circuit.

Feb. 3, 1964.

Rehearing Denied March 12, 1964.

William Schoeberlein, Denver, Colo.
(John H. Bennett, Denver, Colo., was
with him on the brief), for appellant.

Arthur E. Palmer, Asst. Atty. Gen., of
Kansas (William M. Ferguson, Atty.
Gen., and Park McGee, Asst. Atty. Gen.,
were with him on the brief), for appel-
lee.

Before PICKETT, LEWIS and SETH,
Circuit Judges.

SETH, Circuit Judge.

Appellant is confined in the Kansas
State Penitentiary under a thirty-five
year sentence upon a conviction in 1960
by a jury for murder in the second de-
gree. His conviction in the District
Court of Barber County, Kansas, was af-
firmed by the Supreme Court of Kansas
in State v. Delano, 188 Kan. 687, 366
P.2d 294.

Appellant filed a petition for a writ of
habeas corpus in the United States Dis-
trict Court for the District of Kansas.
He asserted that his rights under the
United States Constitution were violated
by reason of the fact that he was held
forty-nine days without being charged,
and that he did not have counsel until
after he had waived a preliminary hear-
ing. He further argued that there were
erroneous instructions, but this point is
not urged on appeal.

The trial court held a hearing
on the petition for the writ with appel-
lant present and with appointed counsel.

The court made a finding that appellant made no confessions during the period of confinement before charge, and that he was not coerced into waiving a preliminary hearing. Appellant at the hearing below had appointed counsel as indicated, and was given an opportunity to introduce evidence as to the alleged unlawful confinement, but he did not do so. The trial court found that an illegal confinement alone, without an admission by the accused and without the state obtaining evidence as a result of such detention does not vitiate the proceedings. This result is supported by Blood v. Hunter, 150 F.2d 640 (10th Cir.); Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, and United States ex rel. Sproch v. Ragen, 246 F.2d 264 (7th Cir.). The first two cases cited concern persons charged with federal offenses, and under the Fourteenth Amendment the states would not be subject to more stringent requirements. Frisbie v. Collins, supra, was concerned more with the question as to how jurisdiction over the accused was obtained, but it did stand for the proposition that pre-charge seizure, control, and detention by state authorities does not *in itself* provide grounds for relief in the federal courts.

The record indicates that appellant, a resident of Louisiana, was held by Kansas officers incommunicado, in solitary confinement, and was not allowed tobacco nor to shave. It shows that information was filed and counsel was appointed on April 5, 1960, the arraignment was on April 25, 1960, and the trial began the following day. The information contained the list of prosecution witnesses. Appellant was found guilty by the jury on April 28, 1960.

■ As to appellant's argument that he did not have counsel until after the preliminary hearing, and this was a violation of his constitutional rights, the record shows that there were no confessions or incriminating statements made by the appellant. The Kansas statutes provide that if a preliminary hearing is held, the state must put on witnesses and evidence to support its case, if requested, and the accused may cross-examine. Kansas Gen.Stat.1949 Ann. §§ 62–614, 62–615. The appellant voluntarily waived such a hearing and the next day the information was filed. The information had endorsed on it the names of the witnesses for the prosecution, and thereupon counsel was appointed. This court decided in Latham v. Crouse, 320 F.2d 120 (10th Cir.), a case arising from a conviction in the state court of Kansas, that the United States Constitution does not guarantee appointed counsel at a preliminary hearing where the accused does not enter a plea at such time and where he does not then testify or say anything of an incriminating nature. The failure to furnish counsel prior to such hearing does not violate the fundamental constitutional rights of the accused. This cited case considered Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and the earlier case on the same subject, State of Utah v. Sullivan, 227 F.2d 511 (10th Cir.), cert. den. sub nom. Braasch v. Utah, 350 U.S. 973, 76 S.Ct. 449, 100 L.Ed. 844. The court in Latham v. Crouse also considered the argument that the state might have disclosed its case at the preliminary hearing, but found, as in the case at bar, that the state had given names of the prosecution's witnesses before trial. Latham v. Crouse is controlling here on this point, and we hold that the fundamental constitutional rights of the appellant were not violated by reason of the fact that counsel was appointed after the preliminary hearing was waived.

■ Appellant also argues that the combination of his detention before charges were filed, and the fact he did not have counsel until an information was filed put him at such a disadvantage as to deprive him of due process of law. However there is nothing by way of facts in the record to show this to be the case. The crime was not a particularly complicated one and there were few witnesses. The opinion of the Kansas Supreme Court states that appellant and two companions entered a liquor store, bought a bottle of whiskey, and while the

clerk was making change, defendant pulled his pistol and shot the clerk in the back of the head. The appellant was arrested in Louisiana nine or ten months after the crime. The appellant argues that by the state detaining him thereafter for some forty-nine days, he was not permitted to seek evidence until his attorney was appointed. The appellant urges that the prejudice that thereby resulted cannot and need not be measured, citing Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. The only testimony here linking appellant with the crime was that of his two companions who testified that appellant shot the decedent while the three of them were in the liquor store. These witnesses were arrested, interrogated, and held incommunicado by Kansas officers. Appellant claims that by this detention and questioning of appellant's companions while appellant was not represented and was held incommunicado, the state was given an unfair advantage. Police officers must conduct investigations and question witnesses while suspects are being held. Here no charges had been filed at the time in question, and the crime was under active investigation. There is no contention that the witnesses were not available to appellant after he was charged and when he had an attorney. It should be noted, as mentioned above, that the trial court encouraged appellant at the hearing on his petition for the writ to put on evidence concerning his unlawful detention, but he did not do so. So there are no facts to show in what way his defense was hampered and what facts showed the state received an advantage. The record does show that his companions were being questioned before he was charged, as noted above, but this is not sufficient by way of facts to demonstrate the possibility of any unfairness, nor the possibility of any prejudice. In Stroble v. California, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872, the Supreme Court considered the measures of a fair trial. It was there said: "When this Court is asked to reverse a state court conviction as wanting in due process, il-legal acts of state officials prior to trial are relevant only as they bear on petitioner's contention that he has been deprived of a fair trial, either through the use of a coerced confession or otherwise." The Court held that the illegal conduct there, a failure to promptly take the accused before a committing magistrate, did not coerce a confession nor deprive him of a fair and impartial trial. The appellant here also had a fair trial after being apprised of the charges.

Affirmed.