Chester A. HAWKS, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 68–C–59–A.

United States District Court
W. D. Virginia,
Abingdon Division.

July 31, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION AND JUDGMENT

DALTON, Chief Judge.

This proceeding involves a petition for a writ of habeas corpus filed *in forma pauperis* on June 12, 1968, by Chester A. Hawks, a prisoner of the State of Virginia.

■ Petitioner was convicted in the Carroll County Circuit Court on January 6, 1959, of murder in the first degree. No appeal was taken, but petitioner has

filed several petitions in both the state and federal courts to secure a writ of habeas corpus. All allegations presented in the petition now before this court have previously been presented to the Virginia Supreme Court of Appeals by means of a petition for a writ of habeas corpus filed on October 3, 1967. The Virginia Supreme Court of Appeals by order dated April 24, 1968, denied and dismissed the said petition. Therefore, petitioner has exhausted his state remedies in compliance with 28 U.S.C.A. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ Petitioner previously filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia on March 11, 1963. A plenary hearing was held by that court on December 29, 1965 to determine the facts in support of the petition. See Misc. No. 4305, Chester A. Hawks v. W. K. Cunningham, Jr., Superintendent of the Virginia State Penitentiary (1966). The District Court of the Eastern District granted the writ of habeas corpus by order dated February 9, 1966; however on appeal the order of the District Court was set aside by the Fourth Circuit Court of Appeals. Hawks v. Peyton, 370 F.2d 123 (4th Cir.1966). The allegations in that prior petition were: 1. that petitioner was not given effective representation, and 2. that the trial judge erred in his refusal to grant petitioner's motion for a pre-trial mental examination. These two allegations having been decided against the petitioner on the merits in the prior proceeding, this court will not renew investigation into these allegations. However, petitioner has presented new and original grounds in the petition now before the court, and the court will rule on these grounds not heretofore considered in the past habeas corpus proceedings. See Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948).

In the petition now before the court, petitioner sets forth the following five allegations as grounds for habeas corpus:

1. Petitioner was not advised of his right to appeal which was tantamount to an unconstitutional denial of such right.

2. Petitioner never waived a trial by jury, but was nevertheless tried by the court without a jury.

3. No presentence report was made.

4. The trial court allowed the introduction of inadmissible evidence because the gun alleged to have been used in the killing was admitted without proof of petitioner's ownership or possession.

5. The indictment for murder did not specify the time of the alleged offense.

After studying the record of the hearing and depositions in petitioner's prior habeas corpus proceedings before the United States District Court for the Eastern District of Virginia, the court feels that the material facts were adequately developed in the hearing before the Eastern District Court so as to render any further hearing in the matter before this court unnecessary and redundant. The court has adequate evidence upon which to render its decision. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ The court finds petitioner's first two allegations to be untrue and without merit. Petitioner was advised of his right to appeal. Mr. George Cooley was contacted by petitioner's brother and employed to represent petitioner in the trial for murder before the Carroll County Circuit Court. The deposition of Mr. Cooley was taken on June 17 and 18, 1965, and filed in the aforementioned hearing held before the Eastern District Court of Virginia on December 29, 1965. In this deposition Mr. Cooley testified at page 30 that he did advise petitioner of his right to appeal and that petitioner apparently understood this advice. The deposition of Judge Jack M. Matthews, who sat as the trial judge in petitioner's murder trial, was also taken on June 17

and 18, 1965. Judge Matthews testified at page 10 of the deposition that petitioner was tried without a jury "at the request of his attorney and at his request and the request of the Commonwealth's Attorney and with my consent." Mr. Cooley testified that the jury was waived because he was afraid a jury would sentence petitioner to death in the electric chair. The court finds that petitioner's first and second allegations are contradicted and uncorroborated and without any basis in fact.

■ Petitioner's third allegation that no presentence report was made is not grounds for the grant of a writ of habeas corpus. § 53–278.1 of the 1950 Va.Code Ann. (1967 Replacement Vol.) provides that a trial judge may require a presentence report before sentencing a convicted felon who is tried without a jury.[1] But this statute sets forth a permissible practice, only, which is not required unless requested by the defendant. Moreover, the requirements of the statute are not constitutional, and failure to comply with the statute cannot be reached by a writ of habeas corpus. Smyth v. White, 195 Va. 169, 77 S.E.2d 454 (1953).

■ Petitioner's fourth allegation complains that the gun, alleged to have been the murder weapon, was admitted into evidence without any fingerprints, ballistic tests, or other evidence to prove the gun was used by petitioner to shoot the victim. Petitioner omits the facts that the victim's mother was an eye witness to the incident and that the gun

and petitioner were not removed from the scene of the killing until the authorities arrived. The court need not investigate the truth or falsity of this allegation or the propriety of the trial judge's ruling on the admission of the evidence. The admissibility of evidence is not generally of concern in a habeas corpus proceeding, Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir.1960). There are no extenuating circumstances in this case, and the general rule applies; the court finds that no constitutional right of petitioner was violated by the admission into evidence of the gun.

■ The court finds the fifth allegation to be spurious and totally devoid of merit. The constitution guarantees each defendant the right to be fairly appraised in plain, intelligible language of the charge against him. This right insures the opportunity for the defendant to be able to intelligently formulate his defense. Petitioner's ability to construct his defense was not impaired by any failure to specify the time of the alleged offense in the indictment. See Mundy v. Commonwealth, 161 Va. 1049, 171 S.E. 691 (1933). Time is not of the essence of the offense of murder. There is no Statute of Limitations for the offense of murder, and murder is a felony regardless of the time committed. Omission in petitioner's indictment of the alleged time of the offense may be poor pleading, but it raises no question of constitutional rights. See Land v. United States, 177 F.2d 346 (4th Cir. 1949). The court finds that the failure to specify the time of the alleged offense

1. § 53–278.1. Investigations by probation officers in certain cases.—When a person is tried upon a felony charge for which a sentence of death or confinement for a period of over ten years may be imposed and pleads guilty, or upon a plea of not guilty is tried by the court without a jury as provided by law, and is adjudged guilty of such charge, the court may, or on the motion of the defendant shall, before fixing punishment or imposing sentence direct a probation officer of such court to thoroughly investigate and report upon the history of the accused and any and all other relevant facts, to the end that the court may be fully advised as to the appropriate and just sentence to be imposed. The probation officer shall present his report in open court in the presence of the accused who shall be advised of the contents of the same and be given the right to cross-examine the investigating officer as to any matter contained therein and to present any additional facts bearing upon the matter which he may desire to present. The report of the investigating officer shall be filed as a part of the record in the case.

in the indictment constitutes no denial of due process to petitioner.

For the reasons stated in this opinion and upon mature consideration of the facts in this case, the court finds that the allegations of petitioner are without merit. Nothing would be gained by a further hearing.

Therefore it is hereby adjudged and ordered that the petition for habeas corpus be and hereby is denied.

The Clerk is directed to send certified copies of this opinion and judgment to petitioner and to respondent.