John W. HARRINGTON, Petitioner,

v.

Captain BATTON, Administrator of Odom Prison at Jackson, N. C., Respondent.

Civ. No. 2390.

United States District Court,
E. D. North Carolina,
Raleigh Division.

Aug. 3, 1970.

Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by John W. Harrington, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with this court on July 22, 1969.

Petitioner was sentenced on October 22, 1956 by the Pitt County Superior Court to a term of his natural life, upon conviction of rape. Petitioner, represented by court-appointed counsel, entered a plea of not guilty.

After a post conviction hearing, petitioner was denied relief on April 22, 1969 by the Pitt County Superior Court. On June 12, 1969, petitioner was denied a writ of certiorari from the lower court's judgment. Petitioner has thereby exhausted his available state remedies on the present claims in compliance with 28 U.S.C. § 2254.

Petitioner alleges that he was unlawfully arrested in violation of his constitutional rights. An unlawful arrest in itself is not grounds for setting aside an otherwise valid conviction unless there is evidence to show that anything occurred as a result thereof to deny petitioner a fair trial. See Delano v. Crouse, 327 F.2d 693 (10th Cir. 1964); Crawford v. Cox, 307 F.Supp. 732 (W.D.Va.1969); Howard v. Allgood, 272 F.Supp. 381 (E.D.La.1967). Petitioner has not alleged facts in either the state courts or this court, which show that anything occurred as a result of his alleged unlawful arrest to deny him a fair trial.

Petitioner next asserts that he was denied the right to be informed of the charge against him. The requirements of due process are satisfied if the indictment clearly states the nature and cause of the charge so that petitioner could prepare his defense or plead former jeopardy. Hawks v. Peyton, 288 F.Supp. 94 (W.D.Va.1968); Austin v. Peyton, 279 F.Supp. 227 (W.D.Va.1968). The record contains a copy of the indictment in petitioner's case. The indictment is entirely adequate for purposes of satisfying the due process requirements.

Finally petitioner alleges denial of counsel at the preliminary hearing. The Supreme Court has recently held in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (June 22, 1970), that counsel is constitutionally required at preliminary hearings. No determination has been made on the retroactivity of *Coleman*. The United States Court of Appeals for the Fourth Circuit has set down for argument a case which raises this question. In order to avoid possible conflict and to better insure justice for both parties this court will hold consideration on this last claim in abeyance until the Fourth Circuit has determined the issue.

For the foregoing reasons relief is presently denied on the petition. The case is, however, retained on the docket until the appropriate time for consideration of the last claim.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.