No. 46,497

Franklin R. Yurk, *Appellant*, v. State of Kansas, *Appellee*.

(495 P. 2d 87)

Opinion filed March 4, 1972.

*Darrel W. Frogley*, of Kansas City, argued the cause and was on the brief for the appellant.

*Nick A. Tomasic*, Assistant County Attorney, argued the cause, and *Vern Miller*, Attorney General, and *Frank D. Menghini*, County Attorney, were with him on the the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: This is an appeal from an order denying petitioner's motion for post-conviction relief (K. S. A. 60-1507) after a full evidentiary hearing.

In December, 1967, petitioner and three other defendants were charged with armed robbery in the first degree pursuant to K. S. A. 21-527. At the end of December a preliminary hearing was held and the four defendants were bound over for trial. Petitioner was represented at the preliminary hearing by counsel appointed for him at that time.

The petitioner proceeded to trial in the district court and in April, 1968, was convicted by a jury of the crime of armed robbery in the first degree. Prior to trial, petitioner's court-appointed attorney filed notice of a plea of alibi naming two persons, residents of Kansas City, Missouri, as alibi witnesses for petitioner. During the course of the trial petitioner's attorney informed the court, out of the hearing of the jury, that neither alibi witness would be able to appear although one had agreed to appear voluntarily. The court directed that the trial proceed and the petitioner was the only witness who testified on his behalf.

In September of 1970 petitioner filed a petition to set aside his sentence under the Habitual Criminal Act. The petition was filed pursuant to K. S. A. 60-1507. Petitioner was granted an evidentiary hearing in October, 1970.

Two points were heard; namely, that petitioner was denied effective assistance of counsel prior to and at the preliminary hearing, and that petitioner was denied compulsory process for obtaining witnesses to support a plea of alibi filed in the case.

The district court denied the petitioner's motion and ruled that petitioner's contentions were without merit. Petitioner now appeals from that ruling.

Originally, petitioner alleged five points upon which he was denied due process of law. Three of the points were disposed of in this court on appeal in *State v. Yurk*, 203 Kan. 629, 456 P. 2d 11. Neither of the two remaining points were presented in the original appeal.

The answer to the matter presented is found in Rule No. 121 of this court (205 Kan. xliv) prescribing the procedure under the provisions of K. S. A. 60-1507. The pertinent part of the rule is:

"(c) . . . (3) a proceeding under section 60-1507 cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal." (p. xlv.)

In *Lee v. State*, 204 Kan. 361, 461 P. 2d 743, we held:

"A proceeding instituted under the provisions of K. S. A. 60-1507 which collaterally attacks a judgment of conviction is not to be used as a substitute for a second appeal." (Syl. ¶ 1.)

In *Cantrell v. State*, 206 Kan. 323, 478 P. 2d 192, K. S. A. 60-1507 was used to try to vacate petitioner's sentence. We held:

"A proceeding pursuant to the provisions of K. S. A. 60-1507 cannot ordinarily be used for the purpose of reviewing trial errors which might have been reviewed in the original appeal. (Syl. ¶ 3.)

Upon examination of the record, we are unable to find any unusual or intervening changes in law which prevented this petitioner from raising all of his alleged trial errors in the direct appeal.

In *Hacker v. State*, 207 Kan. 195, 483 P. 2d 484, we stated:

". . . Some degree of finality in the criminal appeal process must be achieved to prevent endless piecemeal litigation in both the state and federal courts. . . ." (p. 197.)

Petitioner alleges he was denied the effective assistance of counsel at the preliminary hearing against him and this violated his constitutional rights.

In *State v. Zimmer*, 198 Kan. 479, 426 P. 2d 267, we stated that an accused has the right to effective assistance of counsel at every critical stage of the proceedings.

Effective assistance of counsel at trial was defined in *State v. Weigand*, 204 Kan. 666, 466 P. 2d 331, where it was stated:

"The brevity of time between assignment of counsel and the trial bears directly upon the question of whether the accused is denied the right to effective assistance of counsel. . . ." (p. 671.)

In this case, petitioner is claiming ineffective counsel at the preliminary hearing rather than at the trial. Petitioner alleged that since he had no opportunity to confer with his counsel prior to the hearing the attorney was reduced to the role of a mere perfunctory at a critical stage in the proceedings against him.

On this point there is no evidence except petitioner's testimony that he had no opportunity to confer with his counsel prior to the hearing.

We have no difficulty in concluding this evidence fails to constitute sufficient legal grounds for vacating petitioner's judgment and sentence. It is especially true because petitioner could have raised this point in a direct appeal from the conviction, and is attempting to convert this proceeding into a substitute for a second appeal.

Petitioner's contention on the second point is that when his counsel approached the bench to inform the court that neither alibi witness would appear and neither knew anything about the case, it should have been treated as a motion for a continuance until such time as a subpoena could be issued to compel their appearance. The existence of the alibi witnesses was not made known to petitioner's attorney until two days before the trial. The fact that petitioner allowed four months to elapse between the preliminary hearing and trial without any mention of an alibi witness or motion for a continuance to locate them does not aid petitioner in sustaining the burden of proof on this appeal.

No motion for a continuance need be entertained by a court without an affidavit containing the witness's name, residence, expected testimony, affiant's verification, and efforts to obtain attendance. (*Jackson v. State*, 204 Kan. 823, 465 P. 2d 927.) Petitioner's court-

appointed counsel who represented him at his trial testified for the state at the evidentiary hearing on this motion that he believed neither witness would be able to prove an alibi. Petitioner did not call the attorney who was appointed to represent him at the preliminary hearing. In view of these facts, there does not appear to be any factual basis for relief.

The trial court in denying the motion found that petitioner failed to sustain the burden of proof. We agree with the trial court's finding.

The judgment is affirmed.