No. 46,613

Buddy Joe Delano, *Appellant*, v. State of Kansas, *Appellee*.

(498 P. 2d 18)

Opinion filed June 10, 1972.

*Thomas L. McGuire*, of Medicine Lodge, argued the cause and was on the brief for appellant.

*Myrlen L. Bell*, county attorney, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Fatzer, C. J.: On February 16, 1960, a complaint was filed by the Barber county attorney charging that on April 6, 1959, the appellant, Buddy Joe Delano, concealed an offender after the commission of a felony and withheld information regarding the murder of Linden M. Black, of Kiowa, Kansas, in violation of G. S. 1949, 21-106 (repealed July 1, 1970). A warrant was issued for Delano's arrest the same day.

The appellant was arrested by the Louisiana State Police at Gretna, Louisiana, at the request of the Kansas Bureau of Investigation. Waiving extradition, he was returned to Barber County on February 20, 1960.

On February 24, 1960, the appellant was brought before the county court of Barber County, and his preliminary hearing was continued until March 8, 1960. On the latter date, the appellant waived his preliminary hearing before the county court and was bound over to the district court for trial on the charges alleged against him. Bond was set, and in default of bond, the appellant was committed to the county jail. The record reflects the complaint was read and explained to the appellant in open court and the nature and purpose of a preliminary hearing was explained to him, and that he voluntarily and intelligently waived his right to a preliminary hearing.

Subsequently, on March 29, 1960, the county attorney filed a second complaint in the county court charging the appellant with the murder of Linden M. Black, in the first degree. A warrant alleging that offense was issued and served upon Delano that same day.

On April 1, 1960, the appellant came before the county court on the first degree murder charge, and after the charge was read to him and explained by the court, he voluntarily waived his right to a preliminary hearing and was bound over to the district court for trial. On that same day, the county attorney filed an Information in the district court incorporating the charges of the February 16, 1960, complaint in Count One, and the charge of the March 29, 1960, complaint in Count Two.

On April 4, 1960, the state elected to file a third complaint against the appellant, charging him with the murder of Linden M. Black in the first degree. The complaint was given a different case number, and a warrant was issued and served that same day. The appellant was again brought before the county court, and the complaint was read and fully explained to him, including the nature and purpose of, and his right to, a preliminary hearing. The record reflects the county court found that Delano voluntarily waived his preliminary hearing on the charge of murder in the first degree, and he was bound over to the district court.

On the following day, April 5, 1960, the county attorney filed a second Information in the district court alleging the charge of first degree murder as contained in the third complaint. The Information was given a new case number, and had endorsed on it the names of witnesses for the state. On the same day, the district court appointed O. M. Wheat, an able and experienced member of the Barber County Bar, to represent the appellant.

The record does not show what disposition was made of the Information based upon the first two complaints and the charges alleged therein; however, on April 25, 1960, Delano was arraigned before the district court on the charge of murder in the first degree as alleged in the second Information, and entered a plea of not guilty. Thereafter, a jury was impaneled and trial commenced. On April 28, 1960, the jury returned its verdict finding the appellant guilty of murder in the second degree.

On May 2, 1960, the appellant's motion for a new trial was

overruled, and he was sentenced to the Kansas State Penitentiary for a term of 35 years.

The appellant subsequently perfected a direct appeal from his conviction in which he objected primarily to the instructions given at the trial concerning second degree murder. The conviction was affirmed. See *State v. Delano,* 188 Kan. 687, 366 P. 2d 294, where a statement of the facts of the crime may be found. Thereafter, Delano collaterally attacked his conviction in a *habeas corpus* proceeding in the United States District Court alleging a violation of his constitutional rights in that he was held for 49 days by Kansas law enforcement officials without formal charges having been brought against him, and that he did not make an intelligent waiver of preliminary hearing because counsel was not appointed to represent him. Both contentions were considered by the Honorable George Templar, Judge of the United States District Court. After hearing the petitioner's and the state's evidence in full, the court made extensive written findings of fact, and denied the writ of *habeas corpus.* The court found the appellant did not confess to the crime with which he was charged; that he was not coerced into waiving his preliminary hearing by any action of the officials of the State of Kansas; that a delay of 49 days in charging the appellant would not void a subsequent trial as a denial of due process of law; that the Constitution of the United States does not guarantee an indigent defendant appointed counsel to represent him at his preliminary hearing or prior to arraignment, and that the proceedings in the district court of Barber County were not shown to be inconsistent with the requirements of the United States Constitution. The appellant then made a direct appeal from that judgment to the United States Court of Appeals asserting the two contentions as error. The decision of the United States District Court was affirmed in *Delano v. Crouse,* 327 F. 2d 693 (10th Cir. [1964]).

On July 8, 1971, the appellant started the whole process again by filing a motion in the district court pursuant to K. S. A. 60-1507, to vacate his sentence upon the grounds that (1) he was held in confinement for a period of 49 days without being charged with a crime; (2) he was not afforded his basic right to a preliminary hearing with appointed counsel; and (3) the district court failed to instruct on manslaughter.

The district court carefully examined the files and records of the case and determined therefrom the appellant was entitled to no

relief. It found the motion raised no substantial issues of fact, and that it was not necessary for the appellant to be present. It further found the motion presented no substantial questions of law or triable issues of fact and that the appointment of counsel was unnecessary. The court prepared a memorandum decision in which the three contentions raised by the appellant in this court were discussed and decided as follows:

"As to the first ground: The record shows that warrant was first issued for the Petitioner on February 16, 1960 and that the Information was filed on April 5, 1960. The record is silent as to the day of his arrest but if we assume that Petitioner was arrested on February 16, 1960, that would constitute the 49 days he complains that he was held without formal charges being filed. There is no showing by Petitioner nor even an allegation that this delay in any way deprived the accused Petitioner of a fair trial. As a matter of fact, it appears to this court that justice was rather speedy in this case. This court finds that the 49 days delay, if indeed such can be called a delay, did not constitute a denial of due process.

"As to the second ground: Petitioner complains that he was not afforded a preliminary hearing with an attorney representing him. He makes no claim that the fact that he waived a preliminary hearing without the advice of counsel prejudiced him in any way in making his defense during the trial of this action or in any other manner prejudiced his substantial rights. The Supreme Court has said repeatedly that in this jurisdiction an indigent accused has no constitutional right to appointed counsel at his preliminary hearing. *Mann vs. State of Kansas,* 200 Kan. 422.

"As to Petitioner's third ground: Petitioner claims he was prejudiced because of the trial court's failure to instruct on manslaughter. Having been well acquainted with the late Judge Clark A. Wallace, it can be safely assumed that had there been a scintilla of evidence pointing to the fact that the crime in question might possibly have been manslaughter in any of the possible degrees, there would have been such a lesser offense instruction. Besides, if the Court did err by not giving such an instruction, such was a trial error which would constitute grounds for appeal. There actually was an appeal in this matter and strangely enough the sole ground urged on the Supreme Court was that the Court did instruct on the lesser offense of murder in the second degree. Although Petitioner was represented by able counsel, both at the trial and in the appeal (*State vs. Delano,* 188 Kan. 687), no request was ever made for such an instruction nor was it contended in the Supreme Court that the Court erred by not instructing on the lesser degree of manslaughter. The Supreme Court has many times said that a K. S. A. 60-1507 proceedings cannot be made a substitute for a direct appeal involving a trial error. *Baker vs. State of Kansas,* 204 Kan. 607."

The district court did not err in overruling the appellant's motion attacking the sentence imposed upon him on May 2, 1960. In the first place, the appellant was not held for 49 days without being

formally charged with a crime. The record indicates he was held under a valid complaint and warrant filed February 16, 1960. The fact he was subsequently tried on another charge does not mitigate the plain effect of the lawful confinement in the county jail arising out of the original complaint and the subsequent proceedings held thereon as reflected in the record. The most that can be said is that the Information upon which the appellant was convicted was filed 49 days after his arrest. There was no allegation or showing by the appellant that this delay deprived him of a fair trial. Competent counsel was appointed to represent him and the case was promptly and diligently prosecuted by the county attorney, resulting in a finding of guilty of the offense of murder in the second degree. Clearly, there was no denial of due process of law as to deprive the district court of jurisdiction to try the appellant. Moreover, the same issue was disposed of by the Tenth Circuit Court of Appeals adversely to the appellant's contention. (*Delano v. Crouse,* supra.) The appellant has had his day in court on this issue.

As to the second contention, it may be said that in 1960, the failure of an examining magistrate to appoint counsel for an indigent defendant to represent him at a preliminary hearing did not violate the due process clause of the Fourteenth Amendment to the Constitution of the United States. This court has so held on numerous occasions. (See *Chance v. State,* 195 Kan. 430, 407 P. 2d 236, and the many cases cited on page 434 of the opinion.) In addition, the Tenth Circuit Court of Appeals specifically held that the fundamental constitutional rights of the appellant were not violated by reason of the fact counsel was appointed after the preliminary hearing was waived. However, in *Coleman v. Alabama,* 399 U. S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999 [June 22, 1970], the United States Supreme Court held that the preliminary hearing of an accused is a "critical stage" in the proceedings so as to require the assistance of counsel, and the failure to provide counsel to an indigent defendant may constitute prejudicial error. The right to counsel at the preliminary hearing has now been made a requirement in criminal proceedings in this state by statute. (K. S. A. 1971 Supp. 22-4503.) It has not been held that retroactive effect was to be given to the pronouncement in *Coleman v. Alabama,* supra, and we adhere to our rule that prior to June 22, 1970, an accused had no constitutional right to counsel in order to effectuate an intelligent and

voluntary waiver of his preliminary hearing. See *Adams v. Illinois,* 405 U. S. 278, 31 L. Ed. 2d 202, 92 S. Ct. 916. Moreover, the record reflects that the county court made inquiry into the appellant's waiver and was satisfied that it was made voluntarily and intelligently. We hold the appellant's second contention is without merit.

The remaining issue, that the district court erred in failing to instruct on manslaughter is a trial error and does not take on constitutional proportions. This court has held on numerous occasions that a 60-1507 proceeding may not ordinarily be used for the purpose of reviewing trial errors that might have been considered in a direct appeal. (*Cantrell v. State,* 206 Kan. 323, 478 P. 2d 192; *Yurk v. State,* 208 Kan. 946, 495 P. 2d 87.) The record discloses no unusual or intervening changes in the law which prevented the appellant from asserting all trial errors in his direct appeal. In addition, we note that in his direct appeal the appellant contended that if he was guilty of any offense it was first degree murder, and that it was error to instruct on the lesser degree of second degree murder. He is now estopped from contending it was error not to instruct on manslaughter, a lesser degree of homicide than second degree murder.

In conclusion, the appellant urged in argument before this court that the state coerced certain statements from him that were prejudicial to his case. While the question was not raised in the motion to vacate, we need look only to the appellant's brief to dispose of the matter:

"During the period of his [Delano's] incarceration before being charged, petitioner made no confession, voluntary or involuntary, and *no statements made by him during this time were used at the trial.*" (Emphasis supplied.)

Clearly, if we were to assume that prejudicial statements or admissions were made, and the record does not so reflect, any inference of prejudice has been dispelled by the appellant's own analysis of the facts.

The judgment is affirmed.