No. 46,679

James Leonard Johnson, *Appellant*, v. State of Kansas, *Appellee*.

(502 P. 2d 838)

Opinion filed November 4, 1972.

*George W. Earnshaw*, of Shawnee Mission, argued the cause and was on the brief for appellant.

*Mark L. Bennett, Jr.*, Assistant County Attorney, argued the cause and *Vern Miller*, Attorney General, *James W. Wheeler*, County Attorney, and *Arthur S. Brewster*, Assistant County Attorney, were on the brief for appellee.

*Per Curiam:* This is an appeal from the overruling of a motion to vacate sentence filed pursuant to K. S. A. 60-1507.

In March of 1968 the appellant was convicted by a jury of second degree burglary and grand larceny. A motion for new trial was overruled and he was sentenced under the Habitual Criminal Act. He took a direct appeal from that conviction and it was affirmed in *State v. Johnson*, 204 Kan. 62, 460 P. 2d 505.

Subsequently, the appellant filed this motion to vacate in May of 1970, collaterally attacking his sentence on numerous grounds. However, by amendment, stipulation and agreement of counsel, the grounds were narrowed to two.

At the beginning of the hearing in the trial court, George W. Earnshaw, attorney for movant, advised the court that movant was proceeding on only two points:

"(1) That movant did not receive competent representation because his counsel did not have time to prepare a competent case, and

"(2) That movant was deprived of his right to counsel at preliminary hearings."

All other points included in the motion were abandoned as separate grounds. This was explained to the movant and accepted by him.

Whether a defendant's counsel was so incompetent and inadequate in representing his client that the total effect was the complete absence of counsel, is to be gauged from the total representation. (*State v. Richardson*, 194 Kan. 471, 399 P. 2d 799; *Toland v. State*, 200 Kan. 184, 434 P. 2d 550; *Baker v. State*, 204 Kan. 607,

464 P. 2d 212.) Here, the record clearly reflects competent counsel. The theory upon which the appellant relies is that he was denied a continuance before trial and counsel did not have adequate time to prepare the case. The granting of a continuance lies within the sound discretion of the trial court. Although the court's refusal to grant the movant's motion for continuance was raised by him as grounds for a new trial, that issue, for some reason, was not raised in the direct appeal. Since refusal to grant a continuance is a trial error, the appellant must show exceptional circumstances at this late date to avail himself of relief on this ground. (Rule No. 121 [c], 205 Kan. xliv; *Barnes v. State*, 204 Kan. 344, 461 P. 2d 782; *Baker v. State*, supra; *Eaton v. State*, 206 Kan. 187, 476 P. 2d 694; *Bush v. State*, 203 Kan. 494, 454 P. 2d 429.) The record in this case discloses no unusual circumstances or intervening changes in the law which prevented the appellant from asserting all trial errors on direct appeal. Accordingly, the propriety of the order denying a continuance is not before the court. (*Cantrell v. State*, 206 Kan. 323, 478 P. 2d 192; *Yurk v. State*, 208 Kan. 946, 495 P. 2d 87.)

As to appellant's second contention, it may be said that when the preliminary hearing was held in this case the failure to appoint counsel to represent an indigent defendant at such a hearing had not been held to violate the due process clause of the Fourteenth Amendment to the Constitution of the United States. This court has so held on numerous occasions. (See *Chance v. State*, 195 Kan. 430, 407 P. 2d 236, and the many cases cited on page 434 of that opinion.) It was not until June 22, 1970, that *Coleman v. Alabama*, 399 U. S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999 was handed down holding that the preliminary hearing of a defendant is a "critical stage" in the criminal process requiring the assistance of counsel. It may be added that the right to counsel at the preliminary examination has now been made a statutory requirement in this state. (K. S. A. 1971 Supp. 22-4503.) However, it was held in *Adams v. Illinois*, 405 U. S. 278, 31 L. Ed. 2d 202, 92 S. Ct. 916, that retrospective effect is not to be given the pronouncement in *Coleman v. Alabama*, supra. Accordingly, in those cases where the preliminary hearing of an accused was held prior to the *Coleman* decision we adhere to our former rule that in the absence of a showing of prejudice, the failure to provide counsel at that stage of the proceedings does not constitute error. (*Delano v. State*, 209 Kan. 670, 498 P. 2d 18.

Specifications of error three and four relate to the sustaining of

objections to questions put to appellant's prior attorneys as expert witnesses. The specifications are without merit. The qualification of witnesses and the admissibility of opinion testimony are matters within the sound discretion of the trial court. (*Taylor v. Maxwell*, 197 Kan. 509, 419 P. 2d 822; *Trimble, Administrator v. Coleman Co., Inc.*, 200 Kan. 350, 437 P. 2d 219; *Howard v. Stoughton*, 199 Kan. 787, 433 P. 2d 567.) In light of the questions propounded to the witnesses it is clear the trial court did not abuse its discretion in sustaining objections thereto.

As a final point of error it is said the trial court erred in finding appellant was not indigent at any time during the criminal proceedings. The record adequately supports the finding. At no time during the criminal proceedings did appellant indicate that he was indigent, nor did he request assistance of counsel. To the contrary, he represented to the court on every occasion that he had retained counsel.

The judgment is affirmed.