(576 P.2d 1094)

No. 49,208

Paul R. Lassley, *Appellant,* v. State of Kansas, *Appellee.*

Petition for review denied May 12, 1978.

Opinion filed March 31, 1978.

*Michael S. Sizemore,* of Speir, Stroberg, and Sizemore, of Newton, for the appellant.

*Tim R. Karstetter,* county attorney, and *Curt T. Schneider,* attorney general, for the appellee.

Before Foth, C.J., Abbott and Meyer, JJ.

Foth, C.J.: This is a proceeding under K.S.A. 60-1507 in which petitioner seeks to set aside his convictions in two separate cases because in each there was evidence that upon his arrest he refused to talk to the arresting officers. He relies on *Doyle v. Ohio,* 426 U.S. 610, 49 L.Ed.2d 91, 96 S.Ct. 2240 (1976), which holds that a defendant's silence after being given the *Miranda* warning may not constitutionally be used to impeach an exculpatory story told for the first time at trial.

The trial court denied relief on three grounds: (1) that there were no exceptional circumstances excusing petitioner's failure to raise the question at trial as required by what is now Rule No. 183; (2) that *Doyle v. Ohio* is not retroactive and is not applicable to petitioner's convictions, which had become final some five

months before *Doyle* was decided; and (3) on the merits, that the thrust of the state's evidence on silence went to petitioner's refusal to disclose his name to the arresting officers, rather than to his failure to make an exculpatory statement at that time. On appeal petitioner challenges all three grounds.

In October, 1973, petitioner was convicted of carrying a dangerous weapon (a hunting knife) knowingly concealed on his person within five years following a felony conviction. In November, 1973, he was convicted of kidnapping, aggravated assault and rape. He appealed those convictions and in opinions rendered on January 24, 1976, the Supreme Court affirmed the conviction for carrying a concealed weapon in *State v. Lassley,* 218 Kan. 752, 545 P.2d 379 (1976), and the convictions for kidnapping and rape in *State v. Lassley,* 218 Kan. 758, 545 P.2d 383 (1976) (although in that case it reversed the conviction for aggravated assault).

At both of petitioner's trials reference was made to his post-*Miranda* silence, but this was not raised as a point of error in either direct appeal. At the time petitioner's appeals were heard, Kansas law allowed the introduction of evidence of silence where it would logically impeach a defendant's exculpatory story.

On June 17, 1976, however, the United States Supreme Court decided *Doyle,* which had the effect of abrogating our prior rule. In *State v. Mims,* 220 Kan. 726, 556 P.2d 387 (1976), Kansas recognized the *Doyle* rule and overruled its cases to the contrary. See also, *State v. Heath,* 222 Kan. 50, 563 P.2d 418 (1977); *State v. Fisher,* 222 Kan. 76, 563 P.2d 1012 (1977); *State v. Hamilton,* 222 Kan. 341, 564 P.2d 536 (1977); *State v. Dodson,* 222 Kan. 519, 565 P.2d 291 (1977); *State v. Smith,* 223 Kan. 294, 574 P.2d 161 (1978). Where there is such an intervening change in the law between a direct appeal and a collateral attack, the failure to raise a constitutional question on direct appeal is excused. See, *Cox v. State,* 214 Kan. 652, 522 P.2d 173 (1974); *Johnson v. State,* 210 Kan. 498, 502 P.2d 838 (1972); Rule No. 183(*c*)(3), 220 Kan. lxx. We therefore conclude that if *Doyle* is applicable, petitioner's previous failure to raise the issue does not preclude him from raising it in this proceeding.

That *Doyle* must be applied in this case is, we think, established by *Meeks v. Havener,* 428 U.S. 908, 49 L.Ed.2d 1213, 96 S.Ct. 3215 (1976), a memorandum decision filed three weeks after

*Doyle.* In that case the Supreme Court vacated a judgment of the United States Court of Appeals for the Sixth Circuit (516 F.2d 902) which had affirmed the denial of a writ of habeas corpus. The case was remanded "for further consideration in the light of Doyle v. Ohio." The essential times may be gleaned from the opinion on remand, *Meeks v. Havener,* 545 F.2d 9 (6th Cir. 1976).

In that case Meeks had been convicted in state court of armed robbery in a trial at which his post-*Miranda* silence had been mentioned. The exact date his conviction became final is not clear, but it was obviously some time before he filed his federal habeas corpus action, in which relief was denied by the trial court in 1974. Since the Supreme Court directed that *Doyle* be applied in that case, where the conviction had been final for more than two years prior to *Doyle,* we find the inference inescapable that the rule is to be applied retroactively.

We are left, then, with the question of whether the error was prejudicial or harmless. Since we are dealing with constitutional error, in order to find it harmless we must be able to make such a finding beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 17 L.Ed.2d 705, 87 S.Ct. 824 (1967). Put another way, we must be able to say beyond a reasonable doubt that the error "had little, if any, likelihood of having changed the result of the trial." *State v. Thompson,* 221 Kan. 176, 182, 558 P.2d 93; *State v. O'Neal,* 204 Kan. 226, 232, 461 P.2d 801 (1969). To make that determination requires an evaluation of the quantity and quality of the evidence in each case.

Looking first to the weapons case, we find there was no dispute over the fact that when he was arrested, petitioner was carrying a "dangerous" knife on his belt in a concealed manner. In addition, he stipulated he had previously been convicted of a felony within the prescribed statutory period. The only issue being tried by the jury was whether he carried the knife "knowingly," or whether he should have been excused by his claim that after using the knife on his job he forgot to take it off and didn't realize he had concealed it under a jacket put on later. (Whether the knife, as a tool of his trade, could be a "dangerous weapon" under the statute was a question of law for the court, and not a jury question.) The state's evidence was that when first stopped petitioner gave his name, address and employer, and was allowed to proceed. On cross-examination petitioner was asked if he didn't

refuse to give his name when arrested; he replied that he had given it when first stopped. Asked if he had told his story about forgetting he was wearing the knife to the arresting officer he said "Yes." No rebuttal evidence by the state is cited to us, nor is any mention of the point by the prosecution in closing argument.

In short, in the weapons case, the state *attempted* to show post-*Miranda* silence but was unsuccessful. In view of the undisputed evidence we conclude that this abortive effort to impeach the defendant was harmless beyond a reasonable doubt.

In the kidnapping-rape case the references to post-*Miranda* warning silence were all during the state's case-in-chief, and not in cross-examining the defendant or in rebuttal. Two officers testified that after being given the *Miranda* warning, the defendant refused to talk to them—one saying he refused even to give his name. In addition, there was testimony that the victim confronted the petitioner face-to-face after identifying him in a line-up. She spoke to him, but he just dropped his head and grunted. This confrontation was mentioned in argument to the jury, but we do not regard it as the same kind of exercise of Fifth Amendment rights dealt with in *Doyle.* While this evidence was all designed to show guilty knowledge, none was directly used to impeach defendant's alibi except by way of anticipation.

In this case, also, the evidence was overwhelming. The victim positively identified defendant at a line-up and at trial. Her identification was buttressed by her refusal to make an identification at a previous line-up, which did not include the defendant, and during a series of escorted expeditions to businesses and manufacturing plants in the area where she observed numerous men in an attempt to locate her assailant. In addition, the circumstantial evidence was almost conclusive: defendant's boot matched a footprint found at the scene, and laboratory analysis showed his hair matched specimens recovered from a cloth which the assailant had worn over his head. Finally, defendant took, and before taking it stipulated to the admissibility of, a polygraph "lie detector" test. The KBI agent who administered the examination testified that defendant lied on all the significant questions concerning the attack. In view of all this evidence, we cannot believe the jury could have been influenced in its decision by also learning that defendant remained silent after his arrest. His refusal to talk to the officers was not made an issue in closing

argument, and we do not have the same kind of cross-examination for impeachment purposes and prosecutorial persistence found objectionable in *State v. Heath,* supra.

We therefore conclude that the error was harmless beyond a reasonable doubt, and the trial court correctly refused to vacate the convictions. Affirmed.