Jacob Markowitz, J.
The trial in the Magistrate’s Court upon the complaint made pursuant to section 1620-b of the Penal Law resulted in a discharge of the defendant (plaintiff herein) upon the merits. The central issue there was determined in favor of the defendant (plaintiff herein). What remained for trial in the action in which the deposition was taken when, as charged, second degree perjury was committed, constituted an issue not at all relevant or pertinent to the charge involved. The belief that the determination was not on the merits results from distortion bordering on persistent willingness to believe and to repeat the belief that duty was shirked and favor given. The relief sought pursuant to subdivisions B and C of plaintiff’s motion is granted and the portions of the amended answer to which objection is raised thereunder are stricken out as sham.
The portion of paragraph eighth of the amended answer to which objection is raised is part of the alleged libel. It will not be stricken out and to that extent the relief sought pursuant to subdivision D of the plaintiff’s motion is denied.
Defendants’ motion pursuant to rule 113 of the Rules of Civil Practice for dismissal of the complaint is based upon the first defense and the motion is wholly meritless. The complaint is based on malicious prosecution. The defense claims probable *1063 cause. Whether there was probable cause surviving discharge on the merits is certainly not established conclusively by the supporting papers. The motion is denied.
Plaintiff and the third-party defendant move to dismiss for insufficiency the second counterclaim contained in the amended answer of the defendants. It purports to allege an action pursuant to section 273 and 580 of the Penal Law. Section 583 of the Penal Law provides: “ No agreement except to commit a felony upon the person of another, or to commit arson or . burglary, amounts to, a conspiracy, unless some act beside such agreement be. done to effect, the object thereof, by one or more of the parties to such agreement.”
The crime is not complete unless some act is done to effect the. agreement to commit a crime and if no. such effectual act is alleged to. be done there is no conspiracy {People v. Hines,, 284 N. Y. 93). The acts claimed to be done are set forth in the subdivisions of paragraph eleventh. None of the acts thus set . forth is capable of effecting the object of any conspiracy or of effecting any of the crimes. The motion to dismiss the second counterclaim is granted. It is unnecessary to consider that portion of the relief sought pursuant to subdivision D of plain tiff’s motion and directed to paragraph eleventh; of the amended answer.
This manifold controversy and other controversies have arisen out of a negligence suit, and more particularly out -of a pretrial examination therein. It has become fairly manifest that there is here a sordid, compulsive, litigious propensity among one or more of the parties having implications above and beyond the immediate purpose and object of the litigation. There is act and action without thought of consequence. It would seem that every heroic effort should be directed against continuance of the litigation to a bitter end.
The motions are disposed of accordingly. Settle consolidated order.