Mario Pittoni, J.
Relator, Dino Conte, has petitioned to be released pursuant to a writ of habeas corpus on the ground that he has been illegally incarcerated since September 4, 1966. The *110 reason given for such release is that pursuant .to section 250 of the Correction Law, as amended, he was entitled to 10 days per month for “ good time ”. Relator Conte says that the pertinent part of section 250 of the Correction Law became effective as to crimes committed after June 1, 1964 and his crime of conspiracy was consummated after June 1, 1964.
Count one of the indictment, to which relator Conte pleaded guilty, charges him with violating section 580-a of the Penal Law which reads as follows: “ If two or more persons conspire to commit the crime of * * * extortion, and if some act besides the agreement to commit such crime be done to effect the object of the agreement by one or more of such persons, each of them is guilty of a felony. ’ ’
Count one of the indictment, to which he pleaded guilty, alleges that relator Conte and others “ between the 1st day of May, 1964 to the 15th day of July, 1964 did * * * combine * * * conspire and agree together to extort money * * * from Irving Holzman ”, and that they committed certain overt acts in pursuance and furtherance of the conspiracy.
The first alleged overt act is no overt act at all. It merely states that during the 2% month period involved the conspirators threatened Irving Holzman and members of his family with physical harm. This is not an overt act required under sections 580-a and 583 of the Penal Law. It must be a specific, affirmative, independent, identified overt act done to further the object of the conspiracy (People v. De Cabia, 10 Misc 2d 923, affd. 8 A D 2d 825, affd. 7 N Y 2d 823).
The second overt act is that the conspirators “ did on or about the 8th day of June, 1964 assault one Ruth Holzman * * * by * * * striking her with a * * * pistol ’ ’.
The third overt act is that the conspirators ‘ ‘ did on or about the 2nd day of July, 1964 have a telephone conversation with Irving Holzman ”.
The fourth overt act is that the conspirators, “on or about the 30th day of June, 1964 * * * did make a telephone call to Dolores Billing”.
The fifth alleged overt act is a general statement of conversations among the conspirators within the 2% month period of the conspiracy. But it is “ hornbook ” law that conversations among co-conspirators in forming and planning the conspiracy are not overt acts in furtherance of the conspiracy, as meant by ‘ ‘ overt acts ’ ’ in sections 580-a and 583 of the Penal Law.
As one can see, the only valid overt acts alleged in the indictment took place on three dates: June 8,1964, June 30, 1964 and July 2,1964, all after the important or key date involved in this *111 proceeding, June 1,1964. It is well established that the crime of conspiracy is not complete until the commission of an overt act (People v. Hines, 284 N. Y. 93; Gottlieb v. Garfield, 16 Misc 2d 1062, affd. 8 A D 2d 606, app. den. 7 N Y 2d 736). Clearly, therefore, the conspiracy in our case was not completed or consummated till after June 1, 1964.
Assuming, arguendo, that an overt act were not necessary to complete or consummate the crime of conspiracy, we would be bound to interpret or construe the statutes involved herein “ according to the fair import of their terms, to promote justice, and effect the objects of the law ” (Penal Law, § 21). A crime which starts before June 1, 1964 and ends after June 1, 1964 is committed after June 1, 1964.
Be that as it may, as previously pointed out, a conspiracy under sections 580-a and 583 of the Penal Law is not completed and is no crime until an overt act in furtherance of that conspiracy has been committed (People v. Hines, supra; Gottlieb v. Garfield, supra).
It follows that the benefit of section 250 of the Correction Law effective June 1, 1964 applies to relator Conte, who was sentenced on December 10, 1965, and his legal period of incarceration has already run its course. The writ is sustained.