Bernard S. Meter, J.
Relator seeks his release from jail, claiming that he is entitled to credit for good behavior at the rate of 10 days per month rather than 5 as respondent Warden has determined and that he has, therefore, served his full sentences. He was sentenced on his plea of guilty to six months on conspiracy (first count) and one year on coercion (third count) to run consecutively. Section 250 of the Correction Law was amended by chapter 271 of the Laws of 1964 effective June 1, 1964, to increase the “ discretionary reduction of * * * sentence ” to 10 days, but section 2 of chapter 271 continued the prior 5-day reduction as “to a crime committed at any time before the day when this act becomes effective ”. For the reasons hereafter stated, the writ is dismissed, hut pursuant to CPLR 103 (subd. [c]) the application is treated as one for declaratory judgment and judgment will he entered declaring that relator is entitled to credit at the rate of 10 days on the sentence on the conspiracy count but only at the rate of 5 days on the sentence on the coercion count.
Respondent argues that the writ must be dismissed because he has not yet exercised the discretion given him by section 250 of the Correction Law but has simply kept record of what the earliest possible release date will be if he does exercise discretion in favor of reduction. The contention is answered by section 252 of the Correction Law under which respondent is required “ on the twenty-fifth day of each thirty-day period * * * [to] credit such persons who in his judgment are entitled to the same by reason of efficient and willing performance of duties assigned, with such time earned as the case *58 may justify ” and enter the credit in a record book kept for that purpose. The return does not include any record of such entries, but it is apparent from the wording of section 252 that respondent must make a separate determination of entitlement in each 30-day period with respect to that period and cannot withhold the exercise of his discretion until the sentence, less good time, would have expired.
The writ must, nonetheless, be dismissed, for, on analysis of the indictments to which relator pleaded guilty, it appears that he has not yet served his full sentence. Relator’s argument to the contrary is predicated on the ruling made as to the conspiracy sentence of his codefendant, Conte, by Mr. Justice Pittoni in People ex rel. Conte v. Flood (53 Misc 2d 109). Whether that decision is the law of the case or simply a precedent to be applied on the principle of stare decisis need not be determined. On the reasoning of that decision, the court concludes that, with respect to the six months ’ conspiracy sentence relator is, indeed, entitled to credit at the 10-day rate. That reasoning is not, however, applicable to the coercion sentence for, unlike conspiracy, coercion does not require the allegation of specific overt acts. The indictment to which relator pleaded guilty charged that " between the 1st day of May 1964 and the 15th day of July 1964 * * * [relator] did wrongfully and unlawfully use and attempt the intimidation of the said Irving Holzman by threats of force, namely, to do physical injury to said Irving Holzman and members of his family”. Relator has, thus, admitted that prior to June 1, 1964 he made threats of force which constituted the crime of coercion. Whether the threats were the same as or different from the threats set forth as the first overt act in the conspiracy count does not appear, but is not material. Mr. Justice Pittoxi did not hold that a threat could not constitute an overt act that would complete the conspiracy, but that the " first alleged overt act ’ ’ had not been sufficiently identified to be considered as an overt act in determining when the conspiracy had been completed. The same pleading requirement does not apply to coercion, which is complete when the threat is made.
Since relator is only entitled to credit at the five-day rate on the one-year sentence, he has not yet completed his sentence. He is, however, entitled to judgment declaring that, on the six-month sentence the credit must be given at the 10-day rate. While the writ is, therefore, dismissed, the judgment of dismissal will include, pursuant to CPLR 103 (subd. [c]), a declaration to the foregoing effect.