(987 P.2d 1101)

No. 79,02▮

STATE OF KANSAS, *Appellee,* v. RAYMOND CROCKETT, *Appellant.*

Opinion filed February 12, 1999.

*Paul W. Burmaster*, of Kansas City, for appellant.

*Terra D. Morehead*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., GERNON, J., and D. KEITH ANDERSON, District Judge, assigned.

GERNON, J.: Raymond Crockett appeals his conviction of conspiracy to commit first-degree murder. Following the jury trial, Crockett filed a motion to arrest judgment, contending the charging document was fatally defective because it failed to include an allegation of the overt act element of conspiracy. Crockett appeals the denial of his motion to arrest judgment.

K.S.A. 21-3302(a) provides that "[a] conspiracy is an agreement with another person to commit a crime or to assist in committing a crime." Furthermore, K.S.A. 21-3302(a) proclaims that "[n]o person may be convicted of a conspiracy unless an overt act in furtherance of such conspiracy is alleged and proved to have been committed by such person or by a co-conspirator."

The charge read:

"[O]ne **Raymond J. Crockett, Jr.** and one **Ronnell F. Jones** did unlawfully, feloniously, intentionally and with premeditation, kill a human being, to-wit: Terrance Canada, in violation of K.S.A. §21-3401. (First Degree Murder, Off-Grid Person Felony.)

"COUNT II

"At the County of Wyandotte, State of Kansas, for a further, different and second count herein; Information reads that on or about the 26th day of August, 1996, one **Raymond J. Crockett, Jr.** and one **Ronnell F. Jones** did unlawfully, feloniously, knowingly and willfully enter into an agreement with one another to commit a crime, to-wit: First Degree Murder, as defined by K.S.A. §21-3401, and in furtherance of such agreement committed the following overt acts, to-wit: planning on the time, location and manner of killing Terrance Canada, in violation of K.S.A. §21-3302. (Conspiracy to Commit First Degree Murder, Severity Level 2, Person Felony.)"

In *State v. Hill*, 252 Kan. 637, 642, 847 P.2d 1267 (1993), the court adopted the following definition of overt act:

" '**Overt act**. An open, manifest act from which criminality may be implied. An outward act done in pursuance and manifestation of an intent or design. An open act, which must be manifestly proved.

. . . .

" 'An overt act which completes crime of conspiracy to violate federal law is something apart from conspiracy and is an act to effect the object of the conspiracy, and need be neither a criminal act, nor crime that is object of conspiracy, but must accompany or follow agreement and must be done in furtherance of object

of agreement. *Marino v. United States*, C.C.A.Cal., 91 F.2d 691, 694, 695.' " (quoting Black's Law Dictionary 1104 [6th ed. 1990]).

In *State v. Chism*, 243 Kan. 484, 490, 759 P.2d 105 (1988), the court stated: "It must be shown the defendant took a step beyond mere preparation so that some appreciable fragment of the crime was committed." The *Chism* court went on to say: "In some cases, . . . it is enough that the defendant arrived at the scene at which he planned for the crime to occur." 243 Kan. at 490.

In *State v. Hobson*, 234 Kan. 133, 134-35, 671 P.2d 1365 (1983), Sueanne Hobson appealed her convictions of first-degree murder of her stepson and conspiracy to commit murder. The evidence suggested that Hobson asked her son to help her "get rid of" her stepson. 234 Kan. at 135. Hobson promised her son she would buy him a car if he would kill Hobson's stepson. The court, in evaluating the jury instructions given at trial, stated: "The facts tending to establish the appellant hired or procured others to kill [her stepson] would not, standing alone, have established the additional element of an overt act required to support the charge of conspiracy." 234 Kan. at 140.

In *People v. Flood*, 277 N.Y.S.2d 697, 53 Misc. 2d 109 (1966), the court explained that "it is 'hornbook' law that conversations among co-conspirators in forming and planning the conspiracy are not overt acts in furtherance of the conspiracy." 277 N.Y.S.2d at 699.

In *People v. Russo*, 57 App. Div. 2d 578, 393 N.Y.S.2d 435 (1977), the court reversed a conviction for conspiracy because the charging document was fatally defective for failing to allege an overt act. The charging document listed the following overt acts: "(1) [T]he defendant met a certain individual and told him that he intended to have his father-in-law murdered and (2) the defendant and his coconspirator met another individual and agreed to pay him $10,000 for committing the murder." 57 App. Div. 2d at 579. The court characterized the alleged overt acts as "nothing more than words" and concluded they were not overt acts. Moreover, the opinion states the overt act was required to be alleged and cites to Penal Law, § 105.20. 57 App. Div. 2d at 579. That statute reads,

in language almost identical to the Kansas counterpart: "A person shall not be convicted of conspiracy unless an overt act is alleged and proved to have been committed by one of the conspirators in furtherance of the conspiracy." N.Y. Penal Law § 105.20 (McKinney 1998).

We note the concern expressed by Justice Six in *State v. Hall*, 246 Kan. 728, 753, 793 P.2d 737 (1990), relating to the number of appeals raising an allegation of a defect in the information. In *Hall*, Justice Six explained the proper procedure for challenging an allegedly defective charging document is to file a motion for arrest of judgment. 246 Kan. at 764. This procedure was followed in the instant case. As a result, this court must review the information using the pre-*Hall* rationale. 246 Kan. at 764.

"In Kansas, all crimes are statutory and the elements necessary to constitute a crime must be gathered wholly from the statute. An information which omits one or more of the essential elements of the crimes it attempts to charge is jurisdictionally and fatally defective, and a conviction based on such an information must be reversed." *State v. Sanford*, 250 Kan. 592, 601, 830 P.2d 14 (1992).

Furthermore, a citation to the statute will not supply the charging document with a missing element. Incorporation by reference will not be implied or inferred. Even an instruction to the jury will not remedy a defective complaint. 250 Kan. at 601.

Given the record before us, we conclude we are required to reverse Crockett's conviction of conspiracy to commit first-degree murder.

Reversed.