(43 P.3d 851)
No. 84,825

STATE OF KANSAS, *Appellee*, v. MARSHALL WILSON, *Appellant*.

Opinion filed April 5, 2002.

*Rosie M. Quinn*, of Rosie M. Quinn & Associates, of Kansas City, and *Brad L. Keil*, of Brennan & Keil, of Wichita, for appellant.

*Tristram W. Hunt,* assistant district attorney, *Nick A. Tomasic,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before ELLIOTT, P.J., GERNON and GREEN, JJ.

ELLIOTT, J.: Marshall Wilson appeals his convictions of attempted second-degree murder, aggravated kidnapping, and conspiracy to commit intentional second-degree murder. We affirm in part and reverse in part.

Wilson argues the State's third amended information was defective in that it omits essential elements for the crimes of attempt to commit first-degree murder, aggravated kidnapping, and conspiracy to commit first-degree murder. Since he followed proper procedures in challenging the convictions, we analyze the merits of his arguments on the basis of cases decided before *State v. Hall,* 246 Kan. 728, 793 P.2d 737 (1990). See *State v. Crockett,* 26 Kan. App. 2d 202, 205, 987 P.2d 1101 (1999).

The State acknowledges the information was defective with respect to the aggravated kidnapping charge and conviction in that it lacked the element "with intent to hold." That conviction is, therefore, reversed. See *State v. Jackson,* 239 Kan. 463, Syl. ¶¶ 4, 5, 721 P.2d 232 (1986).

Wilson was charged with attempted first-degree murder, but convicted of the lesser crime of attempted second-degree murder. The charge in the amended information reads in pertinent part:

"[O]n or about the 11th of March, 1998, one Marshall Wilson [and] others did unlawfully, feloniously, knowingly and willfully commit an overt act, to-wit: did stab one Diana Clark and then place her body in the road and run over her with a vehicle, toward the perpetration of the crime of Murder in the First Degree as defined in K.S.A. 21-3401, with the intent to commit said crime, but failed or was prevented or intercepted in the execution of said crime, in violation of K.S.A. 21-3301 (Attempted Murder in the First Degree, Severity Level 1, Person Felony)."

Wilson claims the information was defective because none of the elements of first-degree murder was listed, depriving him of knowing whether he was charged with attempted premeditated first-degree murder (K.S.A. 21-3401[a]) or attempted felony murder (K.S.A. 21-3401[b]). The argument is without merit.

An attempt crime has three essential elements: the intent to commit the crime, an overt act toward the perpetration of the

crime, and a failure to consummate the crime. K.S.A. 21-3301(a); *State v. Cory*, 211 Kan. 528, 532, 506 P.2d 1115 (1973). Since the felony murder statute depends on an actual homicide, Kansas does not recognize the crime of attempted felony murder. *State v. Robinson*, 256 Kan. 133, 136, 883 P.2d 764 (1994).

In charging an attempt to commit crime, the essential elements of the crime attempted need not be meticulously enumerated in the charging document, but the charge must advise the defendant of the offense he or she is alleged to have attempted to commit. *State v. Crane*, 260 Kan. 208, 226, 918 P.2d 1256 (1996).

In Crane, the Supreme Court reversed defendant's convictions for attempted aggravated criminal sodomy and attempted rape because the complaint failed to allege the elements of the crime he had attempted to commit. The facts in *Crane* are patently distinguishable from the facts herein. While rape and sodomy may be committed in numerous different ways, premeditated murder and felony murder are not separate or different offenses. " ' "The statute merely provides alternate methods of proving the deliberation and premeditation required for a conviction of first-degree murder under K.S.A. 21-3401." ' " *Robinson*, 256 Kan. at 135.

Here, the overt act charged was stabbing the victim and then placing her body in the road and running over her with a vehicle. Without question, these are overt acts in attempting to kill someone. The essential elements of attempted first-degree murder were included in the charging document and defendant was clearly advised of the crime he was charged with attempting to commit. The information was sufficient.

Wilson also attacks his conviction for conspiracy. He was charged with conspiracy to commit first-degree murder but convicted of the lesser offense of conspiracy to commit second-degree intentional murder. This part of the charging document reads in pertinent part:

"[O]n or about the 11th day of March, 1998, one Marshall Wilson did . . . unlawfully, feloniously, knowingly and willfully enter into an agreement with Bruce Browne to commit or assist in the commission of a crime, to-wit: Murder in the First Degree, as defined in K.S.A. 21-3401, and in furtherance of such agreement committed the following overt act, to-wit: drove the victim, Diana

Clark, to a secluded area where she was stabbed and run over by a vehicle, in violation of K.S.A. 21-3302."

The essential elements of conspiracy are an agreement between two or more persons to commit or assist in committing a crime and the commission by one or more of the conspirators of an overt act in furtherance of the object of the conspiracy. *State v. Smith*, 268 Kan. 222, 227, 993 P.2d 1213 (1999).

Here, Wilson's arguments are essentially the same as discussed above. In a conspiracy case, the elements of the underlying offense need not be charged with the same degree of specificity as would ordinarily be required in a prosecution of the underlying offense. See *United States v. Daily*, 921 F.2d 994, 999 (10th Cir. 1990), *cert. denied* 502 U.S. 952 (1991).

Our conspiracy statute requires a specific intent. *State v. Campbell*, 217 Kan. 756, 770, 539 P.2d 329 (1975). Felony murder does not require a specific intent. *Robinson*, 256 Kan. at 136. Accordingly, Kansas does not recognize the crime of conspiracy to commit felony murder. One cannot intentionally conspire to commit a crime which only requires a mens rea of negligence or no mens rea at all.

Further, as noted above, there is but one first-degree murder statute, stating alternate means of proving the crime. *Robinson*, 256 Kan. at 135.

The information was sufficient.

Wilson also contends the trial court erred in failing to suppress certain incriminating statements made during a custodial interrogation. The trial court found the statements were voluntarily made. The statements of which a complaint is made occurred during a second custodial interrogation.

When an accused has expressed a desire for counsel, the accused may not be subjected to further interrogation until counsel has been provided *unless* the accused initiates further communications. See *Edwards v. Arizona*, 451 U.S. 477, 484-85, 68 L. Ed. 2d 378, 101 S. Ct. 1880 (1981); *State v. Copridge*, 260 Kan. 19, 25, 918 P.2d 1247 (1996).

In the present case, the trial court, in denying Wilson's motion to suppress, found there was no question he was advised of and understood his *Miranda* rights. The trial judge further found:

"He stated that he called his attorney—or asked to call his attorney, excuse me. Even if I accept that as true, the fact remains that even knowing that he had the right to do that and that he didn't have to give a statement, he called police and told the police he was going to do it anyway. He chose to do it without an attorney. And he knew he had a right to wait for his attorney if he wished."

Here, the record reveals Wilson attempted to contact his attorney before giving his *first* statement, but was unable to reach her. He then called the detective back and advised he wished to give another statement.

There was substantial evidence the second incriminating statement fell within the outline of *Edwards v. Arizona*, and there was substantial evidence the State met its burden of showing Wilson voluntarily waived his right to counsel. The trial court did not err in denying Wilson's motion to suppress.

Affirmed in part and reversed in part.

GREEN, J.: I concur in part and dissent in part. My reason for dissenting may be briefly stated.

I believe that the State's information charging Wilson with attempt to commit first-degree murder was defective under our Supreme Court's reasoning in *State v. Hall*, 246 Kan. 728, 746-47, 793 P.2d 737 (1990). In *Hall*, although count II of the complaint stated that the defendant was being charged under K.S.A. 1984 Supp. 21-3701, a class E felony, the complaint failed to allege that the defendant had the intent to *permanently* deprive the owner of his cattle. As a result, our Supreme Court reversed the defendant's conviction of theft.

Similar to *Hall*, the State's information referred to the statute under which Wilson was charged. Nevertheless, the State failed to allege in the information that Wilson had committed a *premeditated* overt act. In *Hall*, our Supreme Court stated:

"There can be little doubt of what the State intended to charge in Count II. The theft statute was specifically mentioned. However, we have held that an information which omits one or more of the essential elements of the crime it attempts to charge is jurisdictionally and fatally defective and a conviction on that offense must be reversed. *State v. Wilson*, 240 Kan. 606, 607, 731 P.2d 306 (1987). The information does not charge theft in Count II. Our past precedent requires a reversal as to Count II." 246 Kan. at 747.

In this case, premeditation was an essential element of the crime charged. The information does not charge attempted murder in the first degree. Because the premeditation element was omitted from the information, I would reverse this conviction. I concur with the remainder of the majority's opinion.