No. 88,130

STATE OF KANSAS, *Appellee,* v. MICHAEL SHIRLEY, *Appellant.*

(89 P.3d 649)

Opinion filed May 14, 2004.

*Darla J. Lilley*, of Lawrence, argued the cause and was on the briefs for appellant.

*Vernon E. Buck*, assistant county attorney, argued the cause, and *J. Marcus Goodman*, county attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

GERNON, J.: Michael Shirley appeals his conviction of one count of conspiracy to manufacture methamphetamine. He raises two issues on appeal: (1) Was the complaint jurisdictionally defective, and (2) did the trial court erroneously instruct the jury on an uncharged version of the crime?

Shirley and Lonnie Smith drove Christina Johnson to her mother's home in Hartford, Kansas, after Johnson was released from jail in Emporia. Before leaving Emporia, the trio stopped at Wal-Mart and purchased some plastic jugs and lithium batteries. They also stopped at a Casey's convenience store, where Smith purchased gas and Shirley went inside, returning with two boxes of Sudafed. During the ride to Hartford, Shirley and Smith discussed manufacturing methamphetamine and told Johnson that they had all the ingredients except anhydrous ammonia. Johnson later testified that Shirley and Smith asked her to get the anhydrous ammonia.

The three arrived at Johnson's mother's house, and Johnson went inside to call her parents. Shirley and Smith waited in the truck outside the house, refusing to leave. Eventually, Johnson called the sheriff and reported that Shirley and Smith would not leave the premises.

When sheriff's deputies arrived and questioned Shirley and Smith, one of the deputies noticed a case in the bed of the truck. Smith indicated that the case contained rifles. Since both Shirley and Smith had criminal records, the deputy arrested them for possessing a firearm. The deputy then received consent to search the truck and found what he believed to be items accumulated for the manufacture of methamphetamine.

Shirley was charged with attempt to manufacture methamphetamine, conspiracy to manufacture methamphetamine, unlawful

possession of pseudoephedrine, possession of methamphetamine, felony possession of drug paraphernalia, misdemeanor possession of drug paraphernalia, and possession of a firearm. The trial court granted Shirley's motion for acquittal for the charges of possession of methamphetamine and misdemeanor possession of drug paraphernalia but denied his motion on the other charges. The jury found Shirley guilty of conspiracy to manufacture methamphetamine but acquitted him on all remaining counts.

Shirley appealed his conviction to the Court of Appeals, which affirmed his conviction in *State v. Shirley*, No. 88,130, unpublished opinion filed February 28, 2003. This court granted review.

## Sufficiency of Charging Document

Shirley first argues that the complaint charging him with conspiracy to manufacture methamphetamine is jurisdictionally defective and, therefore, his conviction must be reversed. His specific contention is that the complaint fails to allege specific facts that amount to an overt act in furtherance of the conspiracy, as required by K.S.A. 21-3302.

The sufficiency of a charging document to confer jurisdiction is a question of law over which an appellate court has unlimited review. *State v. Hooker*, 271 Kan. 52, 60, 21 P.3d 964 (2001). However, the test used for evaluating the sufficiency of the charging document depends on when the issue is first raised. *State v. Hall*, 246 Kan. 728, 764-65, 793 P.2d 737 (1990).

In *Hall*, this court distinguished between challenges to the charging document that were raised for the first time on appeal and those that were first raised before the district court. 246 Kan. at 760-61, 764. Justice Six, writing for this court, stated:

"A motion for arrest of judgment is the proper procedure for a defendant who wishes to challenge the sufficiency of the information after trial because of either a claim that it did not charge a crime or that the court was without jurisdiction of the crime charged. When such a motion is timely filed, the trial court, in reviewing the motion, shall test its merit by utilizing the rationale of our pre-*Hall* cases." 246 Kan. at 764.

Under the pre-*Hall* standard, the court must focus on technical considerations. See *Hooker*, 271 Kan. at 61; *Hall*, 246 Kan. at 764.

If the charging document does not set out the essential elements of the crime, it is fatally defective and the conviction must be reversed for lack of jurisdiction. See *Hooker*, 271 Kan. at 61. Applying this standard, the *Hall* court reversed Hall's conviction for theft because the complaint failed to allege that Hall intended to permanently deprive the owner of his possession. *Hall*, 246 Kan. at 746-47.

Nevertheless, the *Hall* court expressed concern about the number of appeals alleging that the charging document was ineffective. In response to this concern, the *Hall* court established a new standard of review when the charging document is challenged for the first time on appeal. 246 Kan. at 765. To succeed, the defendant must show that the claimed defect (1) prejudiced the defendant's preparation of a defense, (2) impaired the defendant's ability to plead the conviction in any subsequent prosecution, or (3) limited the defendant's substantial rights to a fair trial under the Sixth Amendment to the United States Constitution or Section 10 of the Kansas Constitution Bill of Rights. 246 Kan. at 765.

Justice Six summarized the difference between the pre-*Hall* and post-*Hall* standard of review when he stated that "[t]he longer it takes for the defendant to challenge the sufficiency of the information, the greater the presumption of regularity. 2 Orfield's Criminal Procedure under the Federal Rules § 12:97 (2d ed. 1985)." 246 Kan. at 761.

To begin our analysis of Shirley's contention that the complaint against him was defective, we must first note that Shirley initially challenged the complaint at the district court level by filing a motion for an arrest of judgment. Because Shirley followed the "proper procedure" pursuant to *Hall*, we review this issue using the pre-*Hall* standard, focusing on the technical compliance with the essential elements of the crime. See *Hooker*, 271 Kan. at 61.

" 'In Kansas, all crimes are statutory, and the elements necessary to constitute a crime must be gathered wholly from the statute. An information which omits one or more of the essential elements of the crimes it attempts to charge is jurisdictionally and fatally defective, and a conviction based on such an information must be reversed.' " *State v. Crockett*, 26 Kan. App. 2d 202, 205, 987 P.2d 1101 (1999) (quoting *State v. Sanford*, 250 Kan. 592, 601, 830 P.2d 14 [1992]).

K.S.A. 21-3302(a) provides:

"A conspiracy is an agreement with another person to commit a crime or to assist in committing a crime. *No person may be convicted of a conspiracy unless an overt act in furtherance of such conspiracy is alleged and proved to have been committed by such person or by a co-conspirator.*" (Emphasis added.)

In *Crockett*, the Court of Appeals held that a complaint was jurisdictionally defective because it failed to allege an overt act in furtherance of the conspiracy. 26 Kan. App. 2d at 205. The complaint in *Crockett* charged the defendant and his coconspirator with

" 'unlawfully, feloniously, knowingly and willfully [entering] into an agreement with one another to commit a crime, to-wit: First Degree Murder, as defined by K.S.A. § 21-3401, and in furtherance of such agreement committed the following overt acts, to-wit: planning on the time, location and manner of killing Terrance Canada, in violation of K.S.A. § 21-3302.' " 26 Kan. App. 2d at 203.

The question in *Crockett* became whether planning was an overt act and whether the failure to allege other overt acts made the complaint jurisdictionally defective under the pre-*Hall* standard. The *Crockett* court concluded that conversations among alleged coconspirators to plan a conspiracy did not qualify as overt acts in the furtherance of the conspiracy.

Likewise, in *State v. Sweat*, 30 Kan. App. 2d 756, 761, 48 P.3d 8 (2002), the Court of Appeals relied upon *Crockett* for its conclusion that the complaint charging conspiracy to commit murder was fatally defective for failing to allege an overt act in furtherance of the conspiracy. The *Sweat* complaint charged the defendant as follows:

" 'MICHELLE L. SWEAT then and there being, did then and there, unlawfully, FELONIOUSLY, and willfully: agree with another person, to-wit: Armando Fierro, to commit the crime or to assist in committing the crime of Murder in the First Degree, to-wit: intentionally and with premeditation kill Lloyd Eddens, in an overt act, and further such conspiracy was committed by such person or said co-conspirator.' " 30 Kan. App. 2d at 759.

The *Sweat* court concluded that the flaw in Sweat's complaint was "even more obvious than the flaw in Crockett's information" because it failed to allege any specific overt act whatsoever. 30 Kan. App. 2d at 761.

Shirley cites *State v. Bliss*, No. 87,350, unpublished opinion filed October 25, 2002, which, though it is an unpublished opinion of the Court of Appeals, nevertheless has some persuasive value since the *Bliss* case involved the same county and an identical complaint except for the names of the defendants contained in the cases. The Court of Appeals, in *Bliss*, concluded that after applying the language of *Sweat* and *Crockett*, the complaint clearly lacked an essential element of the crime and, therefore, reversed Bliss' conviction of conspiracy.

Here, the Court of Appeals had the benefit of two published cases, *Crockett* and *Sweat*, as well as the *Bliss* case, when it made its ruling. The Court of Appeals determined that the complaint in this case set forth the elements of conspiracy in the language of the statute. The Court of Appeals sought to graft onto the complaint the affidavit of the deputy, which the court stated provided specific information of an overt act.

The Court of Appeals distinguished its ruling from *Sweat* by inferring that Sweat's complaint charged her with agreeing to commit the crime as the overt act, much like the complaint in *Crockett*. We disagree with the Court of Appeals' interpretation of *Sweat*.

The *Sweat* court stated:

"The flaw in the complaint in this case is even more obvious than the flaw in Crockett's information. Sweat's complaint does not even attempt to allege any specific overt act committed in furtherance of the conspiracy. It is not sufficient to say merely that the defendant willfully agreed with another person to commit the crime or to assist in committing the crime." 30 Kan. App. 2d at 761.

The Court of Appeals, in its opinion here, relied on K.S.A. 2003 Supp. 22-3201(b), which provides in pertinent part:

"The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint information or indictment, drawn in the language of the statute, shall be deemed sufficient."

The Court of Appeals determined that Shirley's complaint set forth all of the elements of conspiracy in the language of the statute. However, the Court of Appeals decision does not seek to harmonize K.S.A. 2003 Supp. 22-3201(b) with K.S.A. 21-3302(a). Ap-

pellate courts must reconcile different statutory provisions to make them consistent, harmonious, and sensible. *State v. Brown*, 272 Kan. 843, 847, 35 P.3d 910 (2001).

K.S.A. 2003 Supp. 22-3201(b) requires the State to set out the essential facts of the crime. The purpose for requiring a recitation of the essential facts is to ensure that the accused is informed of the charges against him or her so that he or she may prepare a defense. *Hall*, 246 Kan. at 754. "The test for sufficiency ought to be whether it is fair to require the defendant to defend on the basis of the charge as stated in the particular indictment or information." *Hall*, 246 Kan. at 754.

K.S.A. 21-3302(a) requires the specific allegation of an overt act in furtherance of the conspiracy. It is the only criminal statute that requires such a specific allegation in the elements of a crime. As previously noted, all crimes are statutory, and the elements of the crime must be determined wholly from the statute. See *Sweat*, 30 Kan. App. 2d at 760.

*Sweat*, *Crockett*, and *Bliss* all stand for the proposition that when the State simply alleges an "overt act in furtherance of the conspiracy," such language fails to adequately inform the accused of the charges against him or her and limits his or her ability to prepare a defense.

The complaint here merely stated that Shirley had committed "an overt act in furtherance of the conspiracy." We conclude that the complaint here is fatally defective under the pre-*Hall* standard. The court here had no jurisdiction and, therefore, Shirley's conviction must be reversed.

## Jury Instructions

Shirley next argues that the trial court erroneously instructed the jury in such a way that the jury was allowed to find him guilty of a different version of the conspiracy than was charged in the complaint. Specifically, Shirley argues that the instructions allowed the jury to find him guilty if it determined that Smith committed an overt act in furtherance of the conspiracy.

Because Shirley's conviction is based on a fatally defective complaint, we are not required to address this issue. However, we have

chosen to address the issue because it highlights some of the problems that can occur when the complaint fails to allege specific facts of the overt act in furtherance of a conspiracy. We may consider a particular issue, although moot, if it is of public importance and capable of repetition. *Parson v. Bruce*, 270 Kan. 839, 842, 19 P.3d 127 (2001). We believe this issue is of public importance and capable of repetition.

Shirley failed to object to the instructions, so this court's review is limited to determining whether the instructions were clearly erroneous. See K.S.A. 2003 Supp. 22-3414(3). "Instructions are clearly erroneous only if the reviewing court is firmly convinced there is a real possibility that the jury would have rendered a different verdict if the error had not occurred." *State v. Davis*, 275 Kan. 107, 115, 61 P.3d 701 (2003).

The instructions in pertinent part state:

"Instruction No. 8

"The defendant is charged in Count II with the crime of Conspiracy to Manufacture Methamphetamine. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

1. That the defendant agreed with another person to commit the crime of manufacture of methamphetamine;
2. That the defendant did so agree with the intent that the crime of manufacture of methamphetamine be committed;
3. That the defendant or *any party to the agreement* acted in furtherance of the agreement by an overt act; and
4. That this act occurred on or about the 10th day of May, 2001 in Lyon County, Kansas." (Emphasis added.)

"Instruction No. 14

"A person may be convicted of a conspiracy only if some act in furtherance of the agreement is proved to have been committed. An act in furtherance of the agreement is any act knowingly committed by a member of the conspiracy in an effort to effect or accomplish an object or purpose of the conspiracy. The act itself need not be criminal in nature. It must, however, be an act [which] follows and tends towards the accomplishment of the object of the conspiracy. The act may be committed by a conspirator alone and it is not necessary that the other conspirator be present at the time that the act is committed. Proof of only one act is sufficient."

The Court of Appeals, having approved the charging document, also approved the instructions.

The Court of Appeals cited *State v. Turbeville*, 235 Kan. 993, 686 P.2d 138 (1984), which seems to excuse instructions broader or narrower than the information "in cases where the substantial rights of the defendant have not been prejudiced." 235 Kan. at 997.

We would submit that this issue may best be resolved by interpreting the language of K.S.A. 21-3302(a).

K.S.A. 21-3302(a) requires that an overt act in furtherance of the conspiracy be alleged and proved. Because the statutory language joins allegation and proof with the conjunction "and," both the factual allegation in the charging document and the proof of the same factual allegation are required for a conviction. Thus, to find a defendant guilty, the jury must find that the defendant or a coconspirator committed the overt act that was alleged in the charging document. The charging document must specify both the act and the actor.

Here, however, the State alleged that the "overt act in furtherance of the conspiracy" was committed by Shirley, not Smith. Pursuant to K.S.A. 21-3302(a), the State had to prove that Shirley committed an overt act in accordance with the allegation in the complaint. The jury acquitted Shirley of all of the other charges, including attempt to manufacture methamphetamine, unlawful possession of pseudoephedrine, and possession of drug paraphernalia, indicating its finding that Shirley had not committed an overt act in furtherance of the conspiracy. Had the jury been properly instructed, it is likely that the jury may have acquitted Shirley of the charge of conspiracy to manufacture methamphetamine.

The record before us, including the charging document, requires us to reverse Shirley's conviction for conspiracy to manufacture methamphetamine.

The opinion of the Court of Appeals is reversed. The judgment of the district court is reversed.

BEIER, J., not participating.

WAHL, S.J., assigned.