NOT DESIGNATED FOR PUBLICATION

No. 114,687

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY DANIEL MARKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed November 17, 2017. Affirmed.

*Adam D. Stolte*, of Stolte Law, LLC, of Overland Park, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: A jury found Gary Marks guilty of traffic in contraband in a care and treatment facility under K.S.A. 2016 Supp. 21-5914(a)(1) and conspiracy to traffic in contraband in a care and treatment facility under K.S.A. 2016 Supp. 21-5914(a)(1) and K.S.A. 2016 Supp. 21-5302. Marks appeals and argues the State failed to present sufficient evidence for a rational fact-finder to find him guilty on each charge. Finding the State did present sufficient evidence to find Marks guilty on both traffic in contraband in a care and treatment facility and conspiracy to traffic in contraband in a care and treatment facility, we affirm.

1

On May 14, 2012, Tracy Hands, a property officer for the Sexual Predator Treatment Program (Program) at Larned State Hospital (Larned), delivered mail to Gary Marks. Hands could feel there was something hard in the envelope. He notified campus safety security and told them he suspected the letter might contain contraband. Hands and Brian Stahlecker, a lieutenant with safety security, gave the piece of mail to Marks and asked him to open it. The hard object was a micro storage disc (SD) card taped to the letter. Hands confiscated the SD card and sealed it in an evidence bag.

Under the Program's resident property and clothing handbook from July 2007— in effect and given to Marks when he was admitted to Larned—micro SD cards were a prohibited item. Specifically, the handbook stated that "[r]esidents may not possess any blank or copied CD's, CDR's, CDRW's, DVDR's, . . . memory sticks, or other portable storage disks." The updated handbook from 2009 and 2010 had similar language, and the rule regarding memory sticks or other portable storage disks, which would include a micro SD card, had not changed.

Hands took the SD card to Jerry Dirks, a lieutenant and special investigator II at Larned. Dirks examined the card and found it contained music and photos. The photos were of a woman in lingerie or in the nude. Dirks noted the letter came from Amy Welch of Indiana. He received a photo of Welch from Jefferson County, Indiana, and determined she was the woman in the photos on the SD card. Upon further investigation, records indicated Welch had received money from multiple residents at Larned through the accounting department. Multiple residents in the Program regularly sent her money. After discovering this information, Dirks requested a warrant for Welch's arrest.

Welch was arrested on September 14, 2012. Welch told Dirks she had been communicating with Marks for over a year. She admitted she had sent the SD card with music and photos at Marks' request. She had also sent various food items and once took a can of Pringles and filled it with tobacco and sent it to Marks at his request. She had previously mailed a set of speakers with tobacco in one of the speakers at Marks' request.

Dirks determined Welch had received approximately $2,400 from Larned residents. Welch said she was not sure what the money was for, but Marks had asked her if it was okay for people to send her money that they owed him. He told her to use the money for requested items, shipping, and for her own personal use. Welch deposited the checks in her personal account and then called Marks to let him know the checks had arrived. Ultimately, Welch was placed on a 2-year diversion for her charge.

Marks was charged with one count of traffic in contraband in a care and treatment facility and conspiracy to traffic in contraband in a care and treatment facility. After a trial, a jury found Marks guilty of both counts. He was sentenced to 43 months in prison for the traffic in contraband charge and 8 months in prison for the conspiracy charge, to run consecutive to the first count.

Marks appeals. He argues the State did not present sufficient evidence for a rational fact-finder to find beyond a reasonable doubt that he was guilty of traffic in contraband in a care and treatment facility and conspiracy to traffic in contraband in a care and treatment facility.

"'When the sufficiency of evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). "In making a sufficiency determination, the appellate court does not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility." *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). It is only in rare cases where the testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

Marks argues the State produced insufficient evidence that he introduced the contraband into Larned. He claims the only evidence of the introduction of contraband rested on Welch, who had mailed the contraband to him on at least three occasions. Instead, Marks argues he solicited the contraband, but he did not bring in contraband.

K.S.A. 2016 Supp. 21-5914(a)(1) states:

"(a) Traffic in contraband in a correctional institution or care and treatment facility is, without the consent of the administrator of the correctional institution or care and treatment facility:
(1) Introducing or attempting to introduce any item into or upon the grounds of any correctional institution or care and treatment facility."

Because the statute does not define what items constitute contraband, the statute can lawfully prohibit the introduction or attempted introduction of contraband only if the correctional institution's administrator has given notice of what items constitute contraband. *State v. Taylor*, 54 Kan. App. 2d 394, Syl. ¶ 6, 401 P.3d 632 (2017).

Here, evidence was presented at trial that Marks asked Welch on multiple occasions to send him items at Larned. Welch testified Marks had asked her if it was okay for people to send money to her that they owed to him. He told her the money was for the items he had requested and she had sent to him. Welch stated Marks asked her to mail him an SD card with music and photos, and she did. Marks opened the letter, which contained the SD card, and it was confiscated by Hands. Marks provided Welch with money and asked her to send him items at Larned, specifically the SD card, and Welch had complied with his request.

Marks had been given notice regarding what items were considered to be contraband at Larned. The Program's handbook that was in effect and given to Marks when he was admitted to Larned stated that residents could not possess any memory sticks or other portable storage disks.

Viewing the evidence in the light most favorable to the State, it is clear there was sufficient evidence to find Marks guilty beyond a reasonable doubt of traffic in contraband in a care and treatment facility.

Marks also argues he did not conspire to commit traffic in contraband in a care and treatment facility, but instead he possibly committed the crime of criminal solicitation. He states his conversations with Welch did not amount to conspiracy, as he did not take a single step beyond the conversation.

Under K.S.A. 2016 Supp. 21-5302(a), "[a] conspiracy is an agreement with another person to commit a crime or to assist in committing a crime." In order to be convicted of a conspiracy, a person must commit "an overt act in furtherance of such conspiracy." K.S.A. 2016 Supp. 21-5302(a). The overt act is something apart from the conspiracy and is an act to effect the objective of the conspiracy. *State v. Crockett*, 26 Kan. App. 2d 202, 203-04, 987 P.2d 1101 (1999). The overt act must accompany the agreement and must be done in furtherance of the agreement. 26 Kan. App. 2d at 203-04.

Here, Marks communicated with Welch for over a year and sent money to her in order for her to send him items, some of which were contraband. He sent Welch money to cover the cost of items he requested she send him at Larned. Marks' actions were much more than just having a conversation with Welch. He requested items that were contraband and facilitated payment for those items. The State presented sufficient evidence to find Marks guilty beyond a reasonable doubt of conspiracy to traffic contraband in a care and treatment facility.

Affirmed.

5