NOT DESIGNATED FOR PUBLICATION

No. 121,733

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOUG MORRIS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed August 14, 2020. Affirmed.

*Jonathan Laurans*, of Kansas City, Missouri, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Doug Morris appeals the district court's summary denial of his untimely and successive motion for habeas corpus relief under K.S.A. 2019 Supp. 60-1507. Morris argues he was entitled to a hearing on his claims because the change in the law announced by our Supreme Court in *State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016), should be applied retroactively and creates the exceptions to allow his untimely and successive motion to be set for hearing. We disagree and affirm the district court.

FACTS

Morris was originally charged with attempted first-degree murder, burglary, and conspiracy to commit first-degree murder. Through plea negotiations, he agreed to enter an *Alford* plea of guilty to the attempted first-degree murder charge in exchange for the State's dismissal of the remaining two charges and recommendation of a 15 years to life sentence. See *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (guilty plea entered while defendant maintains innocence). At the plea hearing, the State presented a four-page statement of facts thoroughly detailing what the State would prove if the case went to trial. The statement was signed at the plea hearing by Morris, his attorney, and the prosecuting attorney. After the hearing, it was then filed with the clerk of the district court for inclusion in the court file. The district court also discussed the four-page statement in detail with Morris on the record, as well as the process of waiving his right to a jury trial and the effect of his *Alford* plea. Morris is still serving his sentence of 15 years to life.

Morris never filed a direct appeal, but, over the years, he has filed many postconviction motions, including a K.S.A. 60-1507 motion in 1989, which raised the same issues now before us. His 1989 motion was summarily denied by the district court, and its decision was affirmed by a panel of this court. *Morris v. State*, No. 64,659, 1990 WL 155418, at *1 (Kan. App. 1990) (unpublished opinion). The Kansas Supreme Court denied Morris' petition for review. 248 Kan. 996 (1991). Morris also filed a federal action for habeas corpus relief under 28 U.S.C. § 2254 (1966), without success. *Morris v. McKune*, 1 F.3d 1249 (10th Cir. 1993) (unpublished opinion).

In 2017, Morris filed his second K.S.A. 60-1507 motion—the subject of this appeal—through counsel. Raising the same argument he raised in his first K.S.A. 60-1507 motion, Morris claimed his conviction was void for lack of subject matter jurisdiction because the State's complaint failed to allege all the essential elements of

attempted first-degree murder. For the first time, however, he argued our Supreme Court's decision in *Dunn* supported his argument and should be applied retroactively to his case. Morris filed a legal memorandum along with his motion in which he also challenged the facts alleged in the complaint and issues of federal due process and notice under the United States Constitution. He later filed a supplemental memorandum in which he claimed *Dunn* established the manifest injustice and exceptional circumstances necessary for the district court to consider the merits of his arguments.

The district court summarily denied Morris' K.S.A. 60-1507 motion in 2019. It found the Kansas Supreme Court's decision in *Dunn* was an intervening change in the law, but it could not be applied retroactively to Morris' case. The district court noted even if *Dunn* could be retroactively applied, the decision could not give Morris relief because it limited issues of subject matter jurisdiction arising from a defective complaint rather than expanding them. The district court held Morris' motion did not warrant a hearing on the merits because his claims were untimely, successive, and failed to establish manifest injustice or exceptional circumstances. It also found Morris had argued in previous postconviction motions the allegedly defective complaint divested the district court of subject matter jurisdiction.

ANALYSIS

Our analysis upon the summary denial of a K.S.A. 60-1507 motion depends on the means the district court used to resolve it. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). Here, the district court summarily denied Morris' K.S.A. 60-1507 motion without an evidentiary hearing, making our review unlimited. Like the district court, we must determine whether the motion, court files, and records of the case conclusively show Morris has no right to relief. See *Sherwood v. State*, 310 Kan. 93, 99, 444 P.3d 966 (2019).

In his K.S.A. 60-1507 motion, supporting legal memoranda, and his brief on appeal, Morris has consistently maintained *Dunn* supports his claim that his conviction is void for lack of subject matter jurisdiction, arguing the State's complaint failed to allege all essential elements of attempted first-degree murder. Our independent review of the record reveals the district court was right, and several procedural hurdles prevent the consideration of Morris' underlying claims.

*The district court properly denied Morris' motion as untimely.*

First, Morris' latest K.S.A. 60-1507 motion is untimely. A K.S.A. 60-1507 motion must be filed within one year from the date the movant's conviction becomes final. K.S.A. 2019 Supp. 60-1507(f)(1)(A). This one-year time limit was added to the statute and became effective on July 1, 2003. L. 2003, ch. 65, § 1. For movants, like Morris, who had a preexisting case before the amendment became effective, "the deadline for filing a 60-1507 motion was June 30, 2004." See *Noyce v. State*, 310 Kan. 394, 399, 447 P.3d 355 (2019). Morris entered his *Alford* plea in 1987 and did not appeal his conviction or sentence. Morris filed his current motion on May 8, 2017, nearly 13 years after the statutory deadline and more than 29 years after he entered his *Alford* plea, was found guilty, and sentenced. The deadline for filing a K.S.A. 60-1507 motion can be extended only to prevent manifest injustice. In considering whether manifest injustice compels the court to consider his untimely motion, we only consider the movant's reasons for failing to timely file or the movant's claims of actual innocence. K.S.A. 2019 Supp. 60-1507(f)(2)(A); see *White v. State*, 308 Kan. 491, 503, 421 P.3d 718 (2018) (statutory amendment applies to any motions filed after its effective date—July 1, 2016).

Here, Morris does not claim actual innocence, nor does he present a valid claim based upon the reasons for an untimely filing. Instead, he claims he could not file this motion earlier because he is now basing his claim on *Dunn*—a case that was not decided until July 16, 2016. The existence of an intervening case may be a basis to find

4

exceptional circumstances to overcome a dismissal for successiveness, but the reasons for failing to timely file is a different analysis. In this case, it has been 13 years since his deadline for filing a K.S.A. 60-1507 action. Morris seems to suggest we should consider his untimely claim because this court, the Kansas Supreme Court, and the federal courts have denied his claim in the past and now he has a better argument. We do not find this reasoning persuasive.

The merits of the movant's case cannot serve as the sole basis for extending the time to file. Even before the Legislature limited the manifest injustice inquiry to the factors under K.S.A. 2019 Supp. 60-1507(f)(2)(A), our Supreme Court rejected the argument that "manifest injustice necessarily occurs when the merits of a movant's time-barred claim will never be considered by a court." *Vontress v. State*, 299 Kan. 607, 618, 325 P.3d 1114 (2014). The court reasoned that such a rule would make the one-year time limit meaningless. 299 Kan. at 618. Rather, the movant must explain why the claim could not have been filed within the one-year time limit. K.S.A. 2019 Supp. 60-15071(f)(2)(A). For example, in *White*, the defendant alleged he was not informed of the end of his direct appeal, the event which would have started the one-year deadline to run. Our Supreme Court found the movant's allegation, if true, was an acceptable explanation. 308 Kan. at 508. But Morris does not make such an allegation here. Morris provides no real explanation other than *Dunn* applies to establish manifest injustice. We disagree.

*The district court properly denied Morris' motion as successive.*

Second, his motion is successive, meaning Morris has already filed a K.S.A. 60-1507 motion seeking similar relief. "The rationale for the limitations on the availability of postconviction relief under K.S.A. 60-1507 is the necessity for some degree of finality in the criminal appeal process in order to prevent endless piecemeal litigation in the state and federal courts." *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122, *rev. denied* November 4, 2008. Accordingly, a K.S.A. 60-1507 movant "'is presumed to have listed

5

all grounds for relief and a subsequent motion need not be considered in the absence of [a showing of] circumstances justifying the original failure to list a ground.'" *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (quoting *Walker v. State*, 216 Kan. 1, Syl. ¶ 2, 530 P.2d 1235 [1975]); see K.S.A. 2019 Supp. 60-1507(c); Kansas Supreme Court Rule 183(d) (2020 Kan. S. Ct. R. 223). To avoid dismissal of his current motion as an abuse of remedy, Morris had the burden to show exceptional circumstances— "'unusual events or intervening changes in the law'"—prevented him from raising the issue in his first K.S.A. 60-1507 motion. See *Beauclair*, 308 Kan. at 304 (quoting *State v. Mitchell*, 284 Kan. 374, Syl. ¶ 5, 162 P.3d 18 [2007]). Morris appears to argue he can establish exceptional circumstances because *Dunn* is an intervening change in the law.

An intervening change in the law for the purpose of showing exceptional circumstances is generally "an abrogation of a prior rule." *Alires v. State*, 21 Kan. App. 2d 676, 678, 906 P.2d 172 (1995). As our Supreme Court has recognized: "[*Dunn*] made significant changes to the law on charging document sufficiency, the effect of deficient charging documents, and appellate review of deficient charging document claims." *State v. Sayler*, 306 Kan. 1279, 1280, 404 P.3d 333 (2017); see *State v. Rodriguez*, 305 Kan. 1139, 1145, 390 P.3d 903 (2017) ("*Dunn* overruled a substantial amount of the law that had been applicable to charging document challenges for at least the last half-century."). In particular, the *Dunn* court overruled our Supreme Court's prior decisions in *State v. Minor*, 197 Kan. 296, 301, 416 P.2d 724 (1966) (finding omitted element in charging document will result in reversal for lack of jurisdiction), and *State v. Hall*, 246 Kan. 728, 765, 793 P.2d 737 (1990) (establishing special preservation treatment of defective charging instrument errors). See *Dunn*, 304 Kan at 810-11. For these reasons, we find *Dunn* constitutes an intervening change in the law.

However, not all intervening changes in the law rise to the level of exceptional circumstances. See *Coleman v. State*, No. 106,003, 2012 WL 3822699, at *6 (Kan. App. 2012) (unpublished opinion). Intervening changes in the law generally do not apply

retroactively to cases, like Morris', that are already final. See *State v. Mitchell*, 297 Kan. 118, 124-25, 298 P.3d 349 (2013). And as we explain more fully below, even if we were to apply *Dunn* retroactively to Morris' arguments, the decision cannot give him the relief he seeks. Thus, we find even though *Dunn* is an intervening change in the law, it cannot demonstrate exceptional circumstances to permit Morris' successive K.S.A. 60-1507 motion.

We also note that Morris' current K.S.A. 60-1507 motion raises the same exact challenge to the State's complaint the district court and this court ruled against in his first K.S.A. 60-1507 motion—that the deficiencies with the State's complaint make his conviction void for lack of subject matter jurisdiction. Generally, a second K.S.A. 60-1507 motion supported by different arguments is still successive when it seeks consideration of the same issue. See *Thuko v. State*, 310 Kan. 74, 84, 444 P.3d 927 (2019) (finding movant's second K.S.A. 60-1507 successive despite different supporting arguments because both motions alleged ineffective assistance of direct appeal counsel); *Dawson v. State*, No. 94,720, 2006 WL 3877559, at *2 (Kan. App. 2006) (unpublished opinion) (finding movant failed to establish exceptional circumstances preventing him from presenting all permutations of ineffective assistance of counsel in first K.S.A. 60-1507 motion; thus, movant "should not be permitted to piecemeal an issue of ineffective assistance of counsel to circumvent Supreme Court Rule 183[d]"). Although Morris has reframed his arguments under *Dunn*, we find he essentially seeks successive consideration of the same issue. This does not constitute an exceptional circumstance warranting review of a successive motion.

Morris' attempt to revive the challenges to the State's complaint through *Dunn* leads to the kind of piecemeal litigation K.S.A. 2019 Supp. 60-1507 was meant to limit.

*Even if we considered the merits of Morris' arguments,* Dunn *cannot give him the relief he seeks.*

Notwithstanding any of the above-mentioned procedural hurdles, Morris' claim still fails on the merits. As a general rule, "a change in the law acts prospectively, applying only 'to all cases, state or federal, pending on direct review or not yet final.'" *Mitchell*, 297 Kan. at 124-25. Morris' criminal proceeding was final in 1989 when he did not file a direct appeal, long before *Dunn* was decided. Morris now claims *Dunn* should be applied retroactively to him based on the three-step analysis Kansas appellate courts use "for determining whether a change in the law should be applied retroactively in a criminal case under collateral attack." *Drach v. Bruce*, 281 Kan. 1058, 1072, 136 P.3d 390 (2006). But even if we were to assume—for purposes of argument only—that *Dunn* applies retroactively to Morris, *Dunn* does not provide Morris the relief he seeks.

We begin with Morris' claim the complaint is fatally deficient. It alleged that Morris, on or about May 8, 1986,

> "did then and there unlawfully, feloniously, maliciously, willfully, deliberately and with premeditation attempt to kill a human being, to-wit: Richard Liddeke, but failed in the perpetration thereof, in violation of K.S.A. 21-3301, K.S.A. 21-3401 and K.S.A. 21-4501(b)."

Morris claims the complaint failed to allege (1) the specific overt act he took toward the completion of first-degree murder and (2) he acted with the premeditation required for first-degree murder. He asks us to vacate his conviction because it is "unavoidably void" for lack of subject matter jurisdiction. We will address each of these issues and follow it with a discussion of whether *Dunn* changes the analysis.

*A complaint charging attempt need not specify the overt act committed toward perpetration of the completed crime.*

"An attempt crime has three essential elements: the intent to commit the crime, an overt act toward the perpetration of the crime, and a failure to consummate the crime." *State v. Wilson*, 30 Kan. App. 2d 498, 499-500, 43 P.3d 851 (2002); see K.S.A. 2019 Supp. 21-5301(a). In *State v. Sweat*, 30 Kan. App. 2d 756, Syl. ¶ 3, 48 P.3d 8 *rev. denied* 274 Kan. 1118 (2002), a panel of this court interpreted the plain language of the attempt statute and held: "The attempt statute is different from the conspiracy statute because attempt does not include a requirement that the overt act be 'alleged' as well as proved. A complaint charging attempt need not specify the overt act committed toward perpetration of the completed crime." The panel ruled the complaint, which alleged Sweat committed "'an overt act towards the perpetration of the crime of Murder in the First Degree,'" was sufficient in regard to the attempted murder charge. 30 Kan. App. 2d at 759-62. In *State v. Shirley*, 277 Kan. 659, 665, 89 P.3d 649 (2004), our Supreme Court agreed with *Sweat* and noted that conspiracy is the only crime that statutorily requires a specific allegation of an overt act. Neither *Shirley* nor *Sweat* were expressly overruled by *Dunn*; thus, Morris' first argument fails regardless of *Dunn*.

*A complaint charging attempted first-degree murder is sufficient even if it does not advise a defendant that he or she acted with the premeditation element of first-degree murder.*

"In charging an attempt to commit crime, the essential elements of the crime attempted need not be meticulously enumerated in the charging document, but the charge must advise the defendant of the offense he or she is alleged to have attempted to commit." *Wilson*, 30 Kan. App. 2d at 500. Further, our Supreme Court has determined that a complaint charging attempted first-degree murder is sufficient even if it does not advise a defendant that he or she acted with the premeditation element of first-degree murder. *Swenson v. State*, 284 Kan. 931, 942-43, 169 P.3d 298 (2007) (adopting

9

reasoning of *Wilson*). Again, as neither *Swenson* nor *Wilson* were expressly overruled by *Dunn*, Morris' argument fails regardless of *Dunn*.

Dunn *does nothing to advance Morris' argument.*

In *Dunn*, 304 Kan. at 811, our Supreme Court held: "Charging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does." Thus, even where a charging document is deficient because it fails to allege facts constituting a crime, the district court would still have subject matter jurisdiction over the criminal case.

The *Dunn* court noted three types of charging document insufficiency a defendant may challenge.

> "First, either a district or appellate court may be asked to decide whether the document shows that the Kansas constitutional minimums of correct court and correct territory are met. Second, a court may be asked to evaluate whether the document alleges facts about the intent and action on the part of the defendant that, if proved beyond a reasonable doubt, would constitute violation of a Kansas criminal statute. And, third, a court may be asked to determine whether the charging document meets federal and state constitutional standards for due process and notice, such that the defendant has an opportunity to meet and answer the State's evidence and prevent double jeopardy. These types of charging document error may be raised at various points in a prosecution, and attendant circumstances may dictate various forms of relief." 304 Kan. at 815.

Only the first type of insufficiency, filing in the wrong court or territory, implicates subject matter jurisdiction. The other two are "amenable to remedy or cure by amendment before verdict." 304 Kan. at 816.

Morris claims the State's complaint failed to allege the *facts* constituting attempted first-degree murder and failed to meet federal constitutional standards of due process and notice—implicating only the second and third deficiencies noted above.

As to sufficiency of the facts charged, *Dunn* explained:

> "The plain language of K.S.A. 22-3201(b) is relatively clear: A charging document shall state 'essential facts' constituting the crime charged, and the document 'shall be deemed sufficient' if it is 'drawn in the language of the statute.' The statute's emphasis on 'facts' rather than 'elements' is repeated in other related statutes and legally significant. A Kansas charging document should be regarded as sufficient now, as it was before *Minor*, when it has alleged facts that would establish the defendant's commission of a crime recognized in Kansas." 304 Kan. at 811-12.

Morris' charging document meets the standard explained in *Dunn*. Here, the State alleged

> "that on or about the 8th day of May, 1986, in the city of Leawood, County of Johnson and the State of Kansas, Doug Morris did then and there unlawfully, feloniously, maliciously, willfully, deliberately and with premeditation attempt to kill a human being, to-wit: Richard Liddeke, but failed in the perpetration thereof, in violation of K.S.A. 21-3301, K.S.A. 21-3401 and K.S.A. 21-4501(b)."

If the facts alleged were proven beyond a reasonable doubt, Morris would be guilty of a Kansas crime—attempted first-degree murder.

As to whether the charging document meets state and federal constitutional requirements for due process and notice, the Dunn court opined that "even prejudicial deficiencies in due process or notice do not render the outcome of a prosecution void for lack of subject matter jurisdiction." 304 Kan. 814. The charging document here clearly put Morris on notice regarding the crime charged. Moreover, when entering his Alford

plea, Morris signed a four-page statement of facts detailing the allegations related to the charged offense. The record reflects he understood what he was charged with and the benefit he received by entering his Alford plea. Even if Dunn applied, it does not provide Morris with the relief he seeks, and it does not provide any exceptions to his untimely and successive K.S.A. 60-1507 motion. The district court did not err in summarily denying his K.S.A. 60-1507 motion filed in 2017.

Affirmed.