NOT DESIGNATED FOR PUBLICATION

No. 123,205

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN BLAKE KOOP,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed January 21, 2022. Affirmed.

*Mark Sevart*, of Derby, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., POWELL and HURST, JJ.

PER CURIAM: John Blake Koop appeals from the district court's summary denial of his pro se K.S.A. 60-1507 motion in which he alleged (1) the complaint was defective; (2) his trial and appellate attorneys were ineffective for failing to challenge the complaint; and (3) the victim gave inconsistent statements at trial. Koop alleges the district court erred when it failed to appoint him counsel or hold an evidentiary hearing for his motion. This court is unpersuaded by Koop's conclusory claims and affirms the district court's summary denial of his 60-1507 motion.

1

FACTS AND PROCEDURAL BACKGROUND

On April 23, 2015, the State charged Koop with one count of attempted second-degree murder and one count of aggravated battery. The State's complaint alleged that

> "on or about the 21st day of April, 2015 A.D., one JOHN B. KOOP did commit any overt act, to-wit: placed a hand on the throat of CLC and squeezed, strangulating CLC, toward the perpetration of a crime, to-wit: Murder in the Second Degree, as defined by K.S.A. 21-5403(a)(1), and the said JOHN B. KOOP intended to commit such crime but failed in the perpetration thereof or was prevented or intercepted in executing such crime."

A detailed summary of the facts leading to these charges is unnecessary. On August 31, 2016, a jury convicted Koop of both attempted second-degree murder and aggravated battery. The district court sentenced him to 260 months in prison and 36 months of postrelease supervision.

Koop directly appealed his convictions and sentence alleging that (1) the State violated his right to a speedy trial; (2) the district court erred in instructing the jury; and (3) the district court violated his constitutional rights by not requiring the State to prove his criminal history beyond a reasonable doubt. A panel of this court found Koop's appeal unpersuasive and confirmed his convictions and sentence. *State v. Koop*, No. 117,134, 2018 WL 3080690 (Kan. App. 2018) (unpublished opinion).

About two months later, Koop filed a motion seeking free transcripts and court records pursuant to K.S.A. 22-4509. The district court denied this motion, and Koop timely appealed. A panel of this court affirmed the district court's denial—finding Koop ineligible for free records because he failed to first file a motion under K.S.A. 60-1501 or 60-1507. *State v. Koop*, No. 121,890, 2020 WL 6930798 (Kan. App. 2020) (unpublished opinion), *rev. denied* 313 Kan. 1044 (2021). In March 2020, while his appeal for free transcripts was still pending, Koop filed a pro se K.S.A. 60-1507 motion that forms the

2

basis for this current appeal, where he alleged: (1) The State lacked jurisdiction over the attempted second-degree murder charge because the complaint was defective; (2) the victim's trial testimony was inconsistent with her preliminary hearing testimony; and (3) ineffective assistance of trial and appellate counsel for failure to object to the defective complaint.

On July 30, 2020, the district court summarily denied Koop's K.S.A. 60-1507 motion. As an initial matter, the district court found that it had jurisdiction over Koop's timely 60-1507 motion despite his pending appeal regarding the transcript requests. Upon review, the district court found that Koop failed to allege facts sufficient to warrant an evidentiary hearing on his K.S.A. 60-1507 motion. Specifically, the district court determined that the complaint was not defective because it conformed to the requirements of an attempt charge—it "clearly defined the overt act toward the perpetration of a crime, and advised movant of the attempted crime." The district court also found that Koop's claim that the alleged defective complaint prejudiced his defense was conclusory and he should have raised that objection in his direct appeal. It further determined that "neither trial nor appellate counsel's performance was deficient for failing to raise the issues." Finally, the district court found that Koop's arguments were "conclusory and without merit."

Koop appealed the district court's summary denial of his 60-1507 motion.

DISCUSSION

Koop contends he was entitled to an evidentiary hearing but appeals only two of his original K.S.A. 60-1507 motion claims—the complaint was defective and that his trial and appellate counsel were ineffective for failing to argue such. Koop has apparently abandoned his argument that the victim contradicted her prehearing testimony in her trial testimony and that such testimony did not support his conviction. It is well established

3

that issues not briefed are deemed waived or abandoned, so this court will not address Koop's evidentiary argument raised below. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018); see also *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018) (a point raised only incidentally in a brief and not argued therein is also deemed abandoned). Koop contends the complaint did not properly distinguish between the reckless and intentional forms of second-degree murder such that he was not adequately informed of the charges against him, therefore this court should reverse his conviction for attempted second-degree murder.

I.      *The standard of review for K.S.A. 60-1507 motions*

A district court has three options when presented with a K.S.A. 60-1507 motion— it can summarily deny the motion, grant a preliminary hearing on the motion, or grant a full hearing on the motion. See *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018). When, as here, the district court summarily denies a K.S.A. 60-1507 motion, this court conducts a de novo review to determine whether the motions, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). A district court may summarily deny a K.S.A. 60-1507 motion without any evidentiary hearing if the defendant fails to show they are entitled to relief. *Moncla v. State*, 285 Kan. 826, 830, 176 P.3d 954 (2008). Koop bears the burden of showing he is entitled to an evidentiary hearing by making more than conclusory contentions. He must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. See *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019).

II.     *Koop's trial and appellate counsel did not provide ineffective assistance of counsel for failing to allege the complaint was defective*

To be entitled to relief under K.S.A. 2019 Supp. 60-1507(b), Koop must establish by a preponderance of the evidence that either:  (1) the judgment was rendered without

jurisdiction; (2) the sentence imposed was not authorized by law or is otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. See Supreme Court Rule 183(g) (2021 Kan. S. Ct. R. 239).

A defendant may not use a K.S.A. 60-1507 motion as a substitute for a direct or second appeal. "Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." Supreme Court Rule 183(c)(3) (2021 Kan. S. Ct. R. 239). As the district court found, Koop's claim that the complaint was defective was a trial error that should have been brought on direct appeal. However, ineffective assistance of counsel can qualify as an exceptional circumstance that justifies failing to raise an issue on direct appeal. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). Therefore, although Koop cannot raise his defective complaint argument for the first time in a K.S.A. 60-1507 motion if it is a mere trial error—this court may still reach that issue because Koop is arguing his counsel was ineffective for failing to raise the issue at trial or on direct appeal.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances; and (2) that the deficient performance prejudiced the defendant. *Sola-Morales*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). A claim of ineffective assistance of counsel requires this court to consider all the evidence before the judge or jury. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015). This court must first determine if Koop's trial and appellate counsel were deficient, and if so, whether such deficiency prejudiced Koop. In considering deficiency, "there is a strong presumption counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *State v. Kelly*,

5

298 Kan. 965, 970, 318 P.3d 987 (2014). "'To show prejudice, the defendant must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Sprague*, 303 Kan. at 426. In this regard, a reasonable probability means a probability sufficient to undermine confidence in the outcome. 303 Kan. at 426.

Koop argues that the complaint did not specifically include the word "intentional" and thus failed to notify him that he was being charged with attempted *intentional* second-degree murder, and this omission deprived the court of jurisdiction and failed to adequately inform him of his charges. Koop argues that his trial and appellate counsel were ineffective for failing to challenge the complaint's defect and this court should set aside his conviction.

Koop's jurisdictional challenge fails because the Kansas Constitution, not the criminal charging documents, "dictates the existence of subject matter jurisdiction." *State v. Dunn*, 304 Kan. 773, 813, 375 P.3d 332 (2016). Koop's jurisdictional argument erroneously relies on cases expressly overruled by the Kansas Supreme Court in *Dunn*. Deficiencies in a complaint, if any, do not remove the district or appellate court's subject matter jurisdiction. 304 Kan. at 810-11.

A charging document is defective, although it does not remove jurisdiction, if it: (1) fails to meet Kansas constitutional minimums of correct court and correct territory; (2) fails to state facts that, if proved beyond a reasonable doubt, would constitute a crime under a Kansas statute; and (3) fails to meet federal and state constitutional due process and notice standards. *Dunn*, 304 Kan. at 815. Koop's argument that the defective complaint failed to adequately inform him of his charges falls within the third category of defect outlined in *Dunn*. Koop failed to cite the relevant authority in *Dunn* to support his argument, but this court will address the merits of his claims regardless of such failure.

Koop argues that the term "intentional" was an essential element of the charged crime, such that its omission in the complaint was a fatal defect rendering his counsels' representation ineffective for failing to object to its omission. Contrary to his argument, Koop was not charged with second-degree murder, which does have an intentional or reckless component—he was charged with *attempted* second-degree murder. A panel of this court previously recognized that "[a]n attempt crime has three essential elements: the intent to commit the crime, an overt act toward the perpetration of the crime, and a failure to consummate the crime." *State v. Wilson*, 30 Kan. App. 2d 498, 499-500, 43 P.3d 851 (2002); see K.S.A. 2020 Supp. 21-5301(a). The panel went on to hold that "[i]n charging an attempt to commit crime, the essential elements of the crime attempted *need not be meticulously enumerated in the charging document*, but the charge must advise the defendant of the offense [they are] alleged to have attempted to commit." (Emphasis added.) 30 Kan. App. 2d at 500. Our Supreme Court adopted this same reasoning in *Swenson v. State*, 284 Kan. 931, 942-43, 169 P.3d 298 (2007) (finding trial counsel was not ineffective for failing to challenge allegedly defective complaint on grounds that it charged attempted first-degree murder without enumerating elements of premeditated first-degree murder).

The State's complaint explicitly alleged that Koop committed an overt act "toward the perpetration of a crime, to-wit: Murder in the Second Degree, *as defined by K.S.A. 21-5403(a)(1)*." (Emphasis added.) That cited statute defines second-degree murder as "the killing of a human being committed . . . *intentionally*." (Emphasis added.) K.S.A. 2014 Supp. 21-5403(a)(1). The State did not need to "meticulously enumerate" all the elements of intentional second-degree murder to properly inform Koop of the charges against him. The complaint enumerated the requisite attempt elements and provided Koop with the specific statutory section for second-degree murder he was being charged under—the intentional section. Thus, the complaint was not defective and Koop's counsel did not provide deficient representation by failing to challenge the complaint. Koop's motion and the record clearly show he was not entitled to relief and the district court was

7

not required to conduct an evidentiary hearing. See *Thuko*, 310 Kan. at 80 (stating that the defendant is required to prove their K.S.A. 60-1507 motion is entitled to an evidentiary hearing).

Koop cannot show that his counsels' performance was deficient, thus this court need not address the second step in analyzing ineffective assistance of counsel claims— determining if Koop was prejudiced by such alleged deficiency. See *State v. Gleason*, 277 Kan. 624, 646, 88 P.3d 218 (2004).

CONCLUSION

Koop failed to present a viable ineffective assistance of counsel claim, and as such cannot show he was entitled to an evidentiary hearing on his K.S.A. 60-1507 motion. The district court's summary denial of the motion is affirmed.

Affirmed.